Vernita L. ANDERSON, Individually and on Behalf of and as Class Representative of All Consumers of Michael Reese H.M.O./Humana–Michael Reese H.M.O., Plaintiff,

v.

HUMANA, INC., et al., Defendants.

William MATTHEWS, Individually and on Behalf of and as Class Representative of All Consumers of Anchor/Rush–Anchor H.M.O., Plaintiff,

v.

ANCHOR ORGANIZATION FOR HEALTH MAINTENANCE, et al., Defendants.

Nos. 92 C 5397, 92 C 5420.

United States District Court, N.D. Illinois, E.D.

April 26, 1993.

---

**370**

Joseph R. Curcio, Joseph R. Curcio, Ltd., David A. Novoselsky, Chicago, IL, for plaintiff.

Gary Senner, Sonnenschein, Nath & Rosenthal, Chicago, IL, for defendants.

### MEMORANDUM, OPINION AND ORDER

ANDERSEN, District Judge.

Before the Court are the motions of the defendants Humana, Inc., Humana Health Plan, Inc., Humana Insurance Company, the Michael Reese Health Plan, Inc., Michael Reese Hospital Foundation, Anchor Organization for Health Maintenance, Rush–Presbyterian–St. Luke's Medical Center, and Rush–Presbyterian–St. Luke's Health Plans, Inc. to dismiss the complaints of the plaintiffs under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Also before the Court are the motions of the plaintiffs to stay these proceedings, or, alternatively, to remand the proceedings to the Circuit Court of Cook County on the ground of lack of subject matter jurisdiction. For the following reasons, the motions are granted in part and denied in part.

### FACTS

Plaintiff Vernita L. Anderson ("Anderson") filed suit in the Circuit Court of Cook County against defendants Humana, Inc., Humana Health Plan, Inc., Humana Insurance Company, and Michael Reese Hospital Foundation. Anderson, who has purchased health insurance and health care services from the Humana health maintenance organization ("Humana HMO") since July 1984, purports to represent a class of all consumers of the Humana HMO. Anderson participates in the Humana HMO pursuant to an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff William Matthews ("Matthews") filed a separate suit in the Circuit Court of Cook County against defendant Anchor Organization for Health Maintenance ("Anchor HMO" or "Anchor"). The Anchor HMO is owned and operated by defendants Rush–Presbyterian–St. Luke's Medical Center and Rush–Presbyterian–St. Luke's Health Plans, Inc. Matthews, a purchaser of health insurance and health care services from Anchor since July 1, 1985, purports to represent a class of all consumers of the Anchor HMO. Matthews receives his coverage through his employment with the City of Chicago, a "governmental plan" exempt from ERISA. The Director of Enrollment of the Anchor HMO has stated in an affidavit that approximately 65 to 70% of the persons entitled to receive medical treatment from the Anchor HMO are enrolled through employee benefit plans within the meaning of ERISA.

Each complaint contains two counts. Count I of each complaint alleges that the Humana HMO and the Anchor HMO failed to disclose certain facts in their advertisements and representations to consumers. Each HMO allegedly failed to disclose an inherent conflict of interest between its fiduciary role as a health care provider and its role as a health care insurer which incurred direct and immediate expense when health care was provided. Each HMO allegedly failed to disclose that its administrative practices and/or its system of physician compensation provided staff physicians with disincentives to properly treat, refer, or hospitalize HMO members. Each HMO allegedly failed to disclose that each entity's economic interest were actually or potentially in con-

flict with the interests of the members. Each HMO also allegedly failed to disclose specific and comprehensible policy exclusions concerning the availability of office visits and/or the dispensing of medical care as well as a definition of "medical emergency." These failures to disclose, which allegedly violate certain sections of the Illinois Insurance Regulations concerning HMO's, also allegedly violate the Illinois Consumer Fraud and Deceptive Business Practices Act.

Count II of each complaint alleges that the same failures to disclose resulted in a lack of informed consent of the plaintiffs to participation in the HMO's and thus violated Illinois common law. Each complaint requests the return of all premiums paid, punitive damages, and attorney's fees.

These cases were removed from the Circuit Court of Cook County to this Court by the defendants on the basis of the applicability of the preemption provisions of ERISA. Defendants have moved to dismiss the complaints on the grounds of ERISA preemption. Plaintiffs have moved to stay the proceedings on the grounds that the Court lacks subject matter jurisdiction over these causes of action and that potential class members must be given notice and an opportunity to intervene in this case before the Court grants the defendants' motion to dismiss. Plaintiffs, as an alternative to their motion to stay, have moved to remand the proceedings to the Circuit Court of Cook County on the ground that this Court lacks subject matter jurisdiction over the named plaintiffs.

## DISCUSSION

■ A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Upon appellate review of a dismissal under Rule 12(b)(6), the well-pleaded factual allegations of the complaint are taken as true. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Rothner v. City of Chicago,* 929 F.2d 297, 302 (7th Cir.1991); *Janowsky v. United States,* 913 F.2d 393, 395 (7th Cir.1990). Upon re-view the appellate court is required to consider only factual allegations and "is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976); *see also Reichenberger v. Pritchard,* 660 F.2d 280, 282 (7th Cir.1981).

■ State laws which "relate to" any employee benefit plan are preempted by ERISA unless the plan is exempt from ERISA. 29 U.S.C. Sec. 1144(a). The Supreme Court has recently stated that a law "relate[s] to" a covered employee benefit plan for purposes of Sec. 1144(a) "if it has a connection with or reference to such a plan." *District of Columbia v. Greater Washington Bd. of Trade,* — U.S. ——, ——, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992) (citations omitted). Under Sec. 1144(a), ERISA preempts any state law that refers to or has a connection with a covered employee benefit plan and which is not exempted from ERISA "even if the law is not specifically designed to affect such plans, or the effect is only indirect," and even if the state law is "consistent with ERISA's substantive requirements." *Id.* (citations omitted). Preemption does not occur if the state law has only a "tenuous, remote, or peripheral" connection with covered employee benefit plans. *Id.,* n. 1 (citation omitted).

■ The plaintiff Anderson participates in the Humana HMO as part of an employee benefit plan which is subject to ERISA. Under the above standard of ERISA preemption, the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois common law doctrine of informed consent, which Anderson alleges to have been violated by Humana, are clearly preempted by ERISA. These laws relate to the employee benefit plan of the plaintiff Anderson because the laws require the disclosure of specific factual information to Anderson, an employee, under her benefit plan. The laws thus directly impact the employee benefit plan of Anderson, and their connection to the plan is more than "tenuous, remote, or peripheral."

The plaintiff Anderson purports to represent a class of "all consumers" of the Humana HMO. The Associate Executive Director

of Marketing for Humana has stated in an affidavit filed with the Court that the policies of the Humana HMO are purchased by employers for employee benefit plans within the meaning of ERISA. Although a class has not yet been certified by the Court, the claims of these employees would also be preempted by ERISA because the state laws allegedly violated by Humana "relate to" employee benefit plans within the meaning of ERISA.

■ Plaintiff Anderson has attempted to avoid ERISA preemption by relying upon the saving clause of ERISA. Under this clause, any state law which "regulates insurance" is exempted from ERISA preemption. 29 U.S.C. Sec. 1144(b)(2)(A). The Seventh Circuit has interpreted Supreme Court decisions as requiring two tests for determining whether a state law falls under ERISA's saving clause because the law regulates insurance. *DeBruyne v. Equitable Life Assurance Soc'y of the United States,* 920 F.2d 457, 468 (7th Cir.1990). First, the Court must take a "common-sense view" of the language of the saving clause itself. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The second test is an application of the "business of insurance" test, under the McCarran–Ferguson Act, consisting of a three-factor analysis:

1. "[W]hether the practice has the effect of transferring or spreading a policyholder's risk";

2. "[W]hether the practice is an integral part of the policy relationship between the insurer and the insured"; and

3. "[W]hether the practice is limited to entities within the insurance industry."

*Id.* at 48–49, 107 S.Ct. at 1553 (citation omitted). The Supreme Court has also relied upon the language, structure, and legislative history of ERISA as an additional basis for preempting state law. *Id.* at 51–57, 107 S.Ct. at 1554–1558.

The Seventh Circuit has stated that the McCarran–Ferguson analysis determines "whether a statute regulates the 'business of insurance,' not whether the statute regulates the 'business of insurance companies.'" *DeBruyne,* 920 F.2d at 469 (quoting *SEC v.*

*National Sec., Inc.,* 393 U.S. 453, 459, 89 S.Ct. 564, 568, 21 L.Ed.2d 668 (1969)).

■ A "common-sense view" of the language of the saving clause indicates that the state laws cited in Anderson's complaint regulate the business of insurance companies rather than the business of insurance. The laws are generally applicable and do not apply solely to insurance companies or solely to the insurance industry. The state laws also do not satisfy the McCarran–Ferguson analysis. Neither the Illinois Consumer Fraud and Deceptive Business Practices Act nor the doctrine of informed consent pool and average policyholders' risks, thus failing the first prong of the test. *Id.* The laws also fail the third prong of the test because the alleged violations are derived from tort and contract law available in any Illinois breach of contract case and thus are not limited to entities within the insurance industry. *See Pilot Life,* 481 U.S. at 52, 107 S.Ct. at 1555.

The language, structure, and legislative history of ERISA also support the conclusion that the state laws do not regulate insurance. *See DeBruyne,* 920 F.2d at 469. The laws interfere with the scope of ERISA's civil enforcement scheme by providing for punitive damages and thus enlarge "the scope of remedies otherwise available." *Id.* The close similarity of the state laws with ERISA's fiduciary duty and liability provisions also supports ERISA preemption. *Id.* at 470. The court finds the holdings of the Supreme Court and the Seventh Circuit in *Pilot Life* and *DeBruyne,* respectively, to be directly apposite to the facts of this case and require that the claims of Anderson, who received coverage through an ERISA benefit plan, are preempted by ERISA. Further, the claims of any employee in Anderson's purported class who also received coverage through an ERISA benefit plan would also be preempted.

Plaintiff Anderson has attempted to avoid this result by characterizing her complaint as grounded solely and exclusively on regulations of the Illinois Director of Insurance pursuant to section 5–7 of the Illinois Health Maintenance Organization Act. Ill.Rev.Stat. ch. 111½ para. 1415. Plaintiff asserts that the Illinois Consumer Fraud and Deceptive

Business Practices Act and the doctrine of informed consent are merely remedial provisions that allow a damage remedy for violation of these regulations.

■ This court respectfully disagrees with plaintiff's argument. The Illinois Health Maintenance Organization Act expressly incorporates Ill.Rev.Stat. ch. 73 para. 761, which prohibits misrepresentation and defamation by insurance companies. Ill.Rev.Stat. ch. 111½ para. 1411.2(a). In Illinois no private right of action exists for violation of paragraph 761 of the Illinois Insurance Code. *Elrad v. United Life and Accident Ins. Co.,* 624 F.Supp. 742, 744 (N.D.Ill.1985); *Glazewski v. Allstate Ins. Co.,* 126 Ill.App.3d 401, 81 Ill.Dec. 349, 355–56, 466 N.E.2d 1151, 1157–58 (1984), *aff'd in part, rev'd in part on other grounds,* 108 Ill.2d 243, 91 Ill.Dec. 628, 483 N.E.2d 1263 (1985). The Illinois Consumer Fraud and Deceptive Business Practices Act and the doctrine of informed consent relied upon by plaintiff Anderson thus are more than mere remedial vehicles for other statutory violations—the laws expressly provide the plaintiff with a private right of action which would be otherwise lacking. Further, the Illinois Consumer Fraud and Deceptive Business Practices Act does not refer to other laws and specifies in detail the conduct which is actionable under its provisions. *See* Ill.Rev.Stat. ch. 121½ para. 261 to 272. The Court therefore finds that the Illinois Consumer Fraud and Deceptive Business Practices Act are preempted by ERISA. Because Anderson has not alleged a violation of ERISA in her complaint and does not seek relief under ERISA, the defendant Humana's Motion to Dismiss the complaint of Anderson is granted.

■ The claims of the plaintiff Matthews are identical to those of Anderson. Matthews is an employee of the City of Chicago and receives coverage from Anchor through a "governmental plan" within the meaning of ERISA. Such a "governmental plan," which is established or maintained by the government of any state or political subdivision, is exempted from the substantive requirements of ERISA. 29 U.S.C. Sec. 1003(b)(1), 1002(32). Therefore, the claims of Matthews are not subject to ERISA and are not preempted by its provisions.

■ Matthews has moved to remand the proceedings to the Circuit Court of Cook County on the ground that this Court lacks subject matter jurisdiction over the case. 28 U.S.C. Sec. 1447(c). Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by the defendant to a United States District Court. This case does not satisfy the jurisdictional requirement of Section 1441(a) because the claims of Matthews are not subject to ERISA, and the defendants have not asserted an alternative ground for this Court's original jurisdiction over Matthews' claims. Although the validity of these claims may be doubtful in light of the Court's earlier discussion of the Illinois Insurance Code, this issue must be adjudicated in a state court. Accordingly, Matthews' Motion to Remand the proceedings to the Circuit Court of Cook County is granted.

■ Matthews purports to represent a class of all consumers of the Anchor HMO. Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for a class action. Under Rule 23(a), representative parties may sue or be sued on behalf of a class if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and accurately protect the interests of the class. Fed.R.Civ.P. 23(a). A plaintiff's claim is typical if the claim arises from the same event, practice, or course of conduct that gives rise to the claims of other class members and the plaintiff's claims are based on the same legal theory. *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983) (citations omitted). The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. *Id.*

**374**

The Court finds that Matthews could not properly represent a class of all consumers of the Anchor HMO because the typicality requirement of a class action would not be satisfied. Approximately 65 to 70% of persons who receive coverage from Anchor are enrolled through employee benefit plans under ERISA. The claims of Matthews, unlike the claims of these consumers, will not be subject to the substantive requirements of ERISA. The typicality requirement of a class action would not be satisfied because the claims of Matthews would not be based on the same legal theory as these consumers. Upon remand, the Court directs that Matthews could only be a proper class representative of those Anchor consumers whose benefit plans are not subject to the substantive requirements of ERISA. The defendant Anchor may properly remove the claims of any plaintiff whose employee benefit plan with Anchor is subject to ERISA because the Court would have original jurisdiction over those claims. 28 U.S.C. Sec. 1441(a); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987).

## CONCLUSION

For the foregoing reasons, defendants Humana, Inc., Humana Health Plan, Inc., Humana Insurance Company, The Michael Reese Health Plan, Inc., and Michael Reese Hospital Foundation's Motion to Dismiss the complaint of plaintiff Anderson is granted. The Motion to Remand the complaint of Anderson to the Circuit Court of Cook County is denied. The Motion to Remand the complaint of plaintiff Matthews to the Circuit Court of Cook County is granted. Defendants Anchor Organization for Health Maintenance, Rush–Presbyterian–St. Luke's Medical Center, and Rush–Presbyterian–St. Luke's Health Plans, Inc.'s Motion to Dismiss the Complaint of plaintiff Matthews is denied.