**Vernita L. ANDERSON, Plaintiff–Appellant,**

v.

**HUMANA, INC., et al., Defendants– Appellees.**

No. 93–2283.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 1994.

Decided May 11, 1994.

890

Joseph R. Curcio, David A. Novoselsky (argued), Novoselsky & Associates, Chicago, IL, Steven B. Levy, Naperville, IL, for plaintiff-appellant.

Jeffrey P. Lennard, Gary Senner, Lorie A. Chaiten (argued), Donna J. Vobornik, Sonnenschein, Nath & Rosenthal, Chicago, IL, for defendants-appellees.

Before CUDAHY, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

A health maintenance organization (HMO) offers, for a fixed fee, as much medical care as the patient needs. Providers using traditional fee-for-service methods, by contrast, charge for each procedure. Each method creates an unfortunate incentive: a physician receiving a fee for each service has an incentive to run up the bill by furnishing unnecessary care, and an HMO has an incentive to skimp on care (once patients have signed up and paid) in order to save costs. Each incentive encounters countervailing forces: patients, or insurers on their behalf, resist paying the bills for unnecessary services, and HMOs must afford adequate care if they are to attract patients. HMOs also have a reason to deliver excellent preventive medicine. Prevention may reduce the need for costly services later. Competition among the many providers of health care, and between the principal methods of charging for that care, affords additional protection to consumers.

According to the plaintiff in this case, however, the incentive structure under which HMOs operate perpetrates a fraud on consumers. Vernita Anderson, who signed up for the Humana–Michael Reese HMO as one of the options offered by her employer's medical benefits package, filed suit in state

court charging the HMO and its sponsor, Humana, Inc., with fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, and state common law. The complaint is not entirely clear, but it alleges either that HMOs are by nature deceptive or that the information Anderson received did not adequately explain the incentive structures under which HMOs (particularly Humana's, with separate entities responsible for financing and delivering the care) operate. The complaint did not contend that Anderson had received inferior or improper medical care; instead it asked for large damages on behalf of a class of persons who were bilked into electing the Humana HMO rather than some other provider. Defendants promptly removed the action to federal court, contending that any challenge to the information employees use to select benefits necessarily "relates to" a plan regulated by the Employee Retirement Income Security Act (ERISA), which expressly preempts state remedies, 29 U.S.C. § 1144(a), and, the Supreme Court has held, so occupies the field that artful pleading of a claim nominally under state law cannot prevent removal. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); see also, e.g., *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir.1992).

■ The district court held that the suit had been properly removed. Because Anderson declined to make any argument under ERISA itself, resting exclusively on the (preempted) Illinois statute and common law, the court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted. 820 F.Supp. 368 (N.D.Ill.1993). Although Fed.R.Civ.P. 23(c)(1) provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained", the district court treated this as a suit by Anderson alone. This creates a potential problem for appellate jurisdiction in light of cases such as *Glidden v. Chromalloy American Corp.*, 808 F.2d 621 (7th Cir.1986), and *Bieneman v. Chicago*, 838 F.2d 962 (7th Cir.1988), which hold that when the district judge reserves decision on class certification,

a decision on the merits is not final and therefore may not be appealed. Nonetheless, because the district court bypassed the class claim here, nothing has been reserved for future decision. The case is over, and the inattention to the class allegation is an error that may be corrected on appeal rather than a reason why appeal is impossible. *Currie v. Diamond Mortgage Co.*, 859 F.2d 1538, 1540 (7th Cir.1988). Defendants, who prevailed in the district court, are the only parties aggrieved by the district court's oversight, and they have not asked us to remand so that the preclusive effect of the judgment may be augmented. We therefore put the class elements of the case to one side.

■ Seen as an action to apply a state anti-deception law to the representations made in documents regulated by an ERISA welfare benefits plan, the claim is both preempted and properly removed under the rationale of *Metropolitan Life* and *Bartholet.* Section 1144(a) preempts any claim that relates to a pension or welfare benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *District of Columbia v. Greater Washington Board of Trade*, ── U.S. ──, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992). One set of rules applies to all plans, many of which operate across state lines. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987). An effort (which this suit is) to control the information provided to employees choosing benefits provided by an employer's plan is squarely within the preemption clause. Anderson wants employers to provide different or additional information to their employees, which at a minimum would require some change in summary plan descriptions of the welfare benefit plans themselves. So preemption is straight-forward. A claim that the literature distributed as part of a plan's administration is incorrect, or that employees were fraudulently induced to pick one option under a plan rather than another, lies comfortably within the zone of exclusive federal control. *DeBruyne v. Equitable Life Assurance Society*, 920 F.2d 457 (7th Cir.1990). ERISA itself requires employers to be thorough and truthful, but as we have said plaintiff does not contend that

the documents violated ERISA. State law, however, plays no role.

■ Unless the insurance exception to preemption applies. Broad as it is, ERISA's preemption clause has limits. The principal one reserves state authority to regulate insurance. 29 U.S.C. § 1144(b)(2)(A). Anderson insists that her complaint seeks to hold Humana to the standards Illinois has established for insurers. Because HMOs spread risk—both across patients and over time for any given person—they are insurance vehicles under Illinois law. *In re Medcare HMO*, 998 F.2d 436 (7th Cir.1993); *Brown v. Michael Reese Health Plan, Inc.*, 150 Ill.App.3d 959, 104 Ill.Dec. 170, 502 N.E.2d 433 (1st Dist.1986); 215 ILCS 125/5–3. But it does not follow that this suit is about the regulation of insurance.

Both the definition of "insurance" and the identification of "regulation" have presented formidable difficulties. See *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Greater Washington Board of Trade; DeBruyne.* ERISA does not define either term. Courts therefore have turned elsewhere—for example, to the McCarran–Ferguson Act, which also leaves the regulation of insurance in state hands. See *Hartford Fire Insurance Co. v. California*, —— U.S. ——, —— — ——, 113 S.Ct. 2891, 2901–03, 125 L.Ed.2d 612 (1993); *Department of the Treasury v. Fabe*, —— U.S. ——, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993); *Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982); *Group Life & Health Insurance Co. v. Royal Drug Co.*, 440 U.S. 205, 230 n. 38, 99 S.Ct. 1067, 1082 n. 38, 59 L.Ed.2d 261 (1979); *NAACP v. American Family Mutual Insurance Co.*, 978 F.2d 287, 293–94 (7th Cir.1992). "Insurance" under McCarran–Ferguson requires some component of risk pooling, and the sort of regulation preserved to the domain of the states is that expressly directed at that insurance component—as opposed to, say, laws of general application that just happen to have some bearing on the affairs of insurers.

■ Anderson invokes not a law regulating the methods of pooling risks or the prices to be charged. Instead she contends that Humana deceived consumers about the costs and benefits of the choices open to them under ERISA plans. The provision of information *about* insurance differs from the provision of insurance. True, insurers such as Humana provide information for employers to distribute to beneficiaries of the ERISA plans. But insurers also pay for medicines, which we know from *Group Life* is not the business of insurance. As if to demonstrate how far removed this case is from the features of insurance that led to its special treatment in ERISA and the McCarran–Ferguson Act, Anderson relies on an all-purpose truth-in-business statute, applicable principally to used car salesmen and the promotional literature for vacuum cleaners. It does not apply to insurance at all—not directly, anyway. The Illinois Director of Insurance has issued regulations tracking the Consumer Fraud Act. 50 Ill.Admin.Code § 6100.100. But the complaint cannot invoke these regulations, for Illinois does not permit private parties to enforce them. *Glazewski v. Allstate Insurance Co.*, 126 Ill.App.3d 401, 410–11, 81 Ill.Dec. 349, 355–56, 466 N.E.2d 1151, 1157–58 (1st Dist.1984), reversed in part on other grounds, 108 Ill.2d 243, 91 Ill.Dec. 628, 483 N.E.2d 1263 (1985). So Anderson necessarily relies on the Consumer Fraud Act, which as a set of general business norms does not regulate insurance within the meaning of ERISA. *Pilot Life* comes to the same conclusion for another doctrine that was not insurance-specific. We added in *DeBruyne* that even a rule nominally limited to the insurance industry that "merely codifies general principles of common law fraud in an attempt to limit unfair trade practices" is not a regulation of insurance for purposes of § 1144(b)(2)(A). 920 F.2d at 469.

So we are back to the ordinary preemption analysis, and Anderson's effort to obtain damages under state law for statements that relate to—indeed, are integral to—a medical benefits package regulated under ERISA is doomed.

AFFIRMED.