**Katherine KIGHT, Plaintiff,**

v.

**KAISER FOUNDATION HEALTH PLAN OF THE MID–ATLANTIC STATES, INC., t/a Kaiser Permanente, Mid–Atlantic Permanente Medical Group, P.C., Farideh Sadeghi, M.D., and Earle Hales, M.D., Defendants.**

**No. Civ.A. 98–1479–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 22, 1999.

Michael J. Miller, Miller and Associates, Alexandria, Virginia, for plaintiff.

Anthony J. Trenga, Washington, D.C., for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

This matter comes before the Court on Plaintiff Katherine Kight's Motion to Remand and Defendants Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc., et al.'s Motion for Judgment on the Pleadings with Respect to Portions of Counts II and III and All of Counts IV and V. In August 1998, Plaintiff filed a motion for judgment asserting medical malpractice and related claims in the Circuit Court of Prince William County, stemming from her treatment for breast cancer. Plaintiff named as defendants Kaiser Foundation Health Plan of the Mid–Atlantic States (Kaiser), the Mid–Atlantic Permanente Medical Group (Medical Group), and doctors Farideh Sadeghi and Earle Hales, who were employed by the Medical Group. The motion for judgment includes five counts: Count I (Negligence against Drs. Sadeghi and Hales); Count II (Negligence against Kaiser); Count III (Negligence against the Medical Group); Count IV (Tortious Interference with a Contract against all Defendants); and Count V (Fraud against all Defendants). Defendants removed the case to the United States District Court for the Eastern District of Virginia.

The issues presented are: 1) whether Plaintiff's claims for negligence, tortious interference with contract, and fraud, against the plan carrier and health care providers for concealing a physician financial incentive program, which allegedly encouraged physicians to reduce the quality of medical care to patients, are preempted under the Federal Employee Health Benefits Act (FEHBA) or federal common law; and 2) whether Plaintiff's claims should be remanded to state court. Plaintiff argues that her state law claims are not federally preempted and that the state court has proper jurisdiction. Defendants contend that portions of Counts II and III and all of Counts IV and V must be dismissed because they are either preempted by federal law, or require the application of federal common law which provides no remedy. The Court will address Plaintiff's Motion to Remand and Defendants' Motion for Judgment on the Pleadings in a single opinion as they are intertwined. For the reasons stated below, Plaintiff's Motion to Remand is denied and Defendants' Motion for Judgment on the Pleadings is granted as to portions of Counts II and III and all of Counts IV and V.

## Background

In 1959, Congress enacted the Federal Employees Health and Benefits Act (FEHBA), 5 U.S.C. §§ 8901–8914. The purpose of FEHBA was to provide health insurance coverage for federal employees and their depen-

dents. The statute authorizes the Office of Personnel Management (OPM) to contract with carriers to provide health insurance to federal employees and to police those administering FEHBA plans. Kaiser is just one carrier contracting with OPM to provide comprehensive health care coverage. To provide its coverage to plan enrollees, Kaiser contracts with the Medical Group, which employs doctors who perform the actual care. Drs. Sadeghi and Hales are employed by the Medical Group.

On June 13, 1996, Plaintiff Katherine Kight presented to Defendant Dr. Sadeghi for a physical examination. On July 16, 1996, Plaintiff underwent a bilateral mammogram which indicated the presence of an asymmetrical density in her left breast. Defendant Dr. Earle Hales performed an ultrasound examination. Although the parties disagree on the transpiring of events, Plaintiff did not receive treatment for breast cancer at that time. On March 18, 1997, Plaintiff felt a lump in her breast and was later diagnosed with breast cancer.

Count I alleges that the doctors were negligent in their care and treatment of Ms. Kight. Counts II and III are brought against Kaiser and the Medical Group, respectively. These counts charge that both defendants were vicariously liable for the malpractice of the doctors. However, these counts also contend that Kaiser and the Medical Group were directly negligent for establishing the improper policies and procedures and for failing to properly train physicians. Specifically, the complaint charges that the Medical Group and Kaiser instituted non-disclosed policies and procedures, whereby the physicians would receive financial incentives for reduced usage of diagnostic testing and reduced usage of referrals to high-risk specialists. According to Plaintiff, the physician financial incentive program resulted in the physicians rendering below standard medical care. Finally, Count IV, tortious interference with a contract, and Count V, fraud, center on all Defendants' institution of and failure to disclose the physician financial incentive program.

■ Primarily, the Court must address the issue of removal jurisdiction. If removal was improper, the Court lacks jurisdiction and Defendants' motion for judgment on the pleadings is moot. However, if removal is proper, then the Court has jurisdiction to consider Defendants' motion.

### I. Plaintiff's Motion to Remand

■ United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Removal jurisdiction is proper only if the action could have originally been brought in the district court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Caudill v. Blue Cross & Blue Shield of North Carolina*, 999 F.2d 74 (4th Cir. 1993). Generally, whether any of the plaintiff's claims "arise under" federal law is determined by application of the well-pleaded complaint rule. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The rule states that a state court claim may be removed to the district court if it presents a federal question which appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318. There are two exceptions to the general rule: 1) where the "complete preemption doctrine" applies; and 2) where the vindication of a right under state law necessarily turns on some construction of federal law.

■ While conceding removal is proper where a cause of action is completely preempted, Plaintiff contends that a case may not be removed on the basis of a federal defense. According to Plaintiff, the complaint is based on state negligence and fraud claims and does not depend on the existence of the FEHBA health care plan. Thus, Plaintiff contends that Defendants cannot argue that this cause of action may be federally preempted. Furthermore, Plaintiff argues that Congress must show a clear and manifest purpose that these traditionally state regulated areas are preempted by federal law within the language of the statute or its legislative history. *Burkey v. Government Employees Hosp. Ass'n*, 983 F.2d 656 (5th Cir.1993). Plaintiff distinguishes FEHBA

from ERISA, which preempts all state law. Plaintiff alleges that FEHBA only preempts state law and regulations which are "inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1) (1996). In the present case, Plaintiff alleges that the state law does not conflict with the contractual provisions or FEHBA and thus is not preempted by federal law.

Defendants argue that the tortious interference, fraud, and negligence (in respect to the physician financial incentive program) claims are completely preempted. Defendants contend that there is a two-part inquiry: 1) whether the relevant statute contains civil enforcement provisions; and 2) whether evidence indicates a clear Congressional intent to preempt state law. According to Defendants, FEHBA contains specific enforcement mechanisms for remedying denials of benefits and other enforcement structures. Defendants characterize Plaintiff's claims regarding the physician financial incentive program as a challenge to an administrative decision denying medical benefits.

Likewise, Defendants argue that the plaintiff's tortious interference and fraud claims should be treated as raising denial-of-benefits issues. Defendants argue that several courts have held that state law claims aimed at HMO physician financial incentive programs in essence challenge an administrative decision denying medical benefits. *Lancaster v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.*, 958 F.Supp. 1137, 1147 (E.D.Va.1997). *See also Anderson v. Humana, Inc.*, 24 F.3d 889 (7th Cir.1994); *Shea v. Esensten*, 107 F.3d 625 (8th Cir. 1997); *Negron v. Patel*, 6 F.Supp.2d 366 (E.D.Pa.1998). Defendants argue that FEHBA provides a remedy for denials of benefits: appealing to the plan administrator and then seeking judicial review of the plan administrator's decision.

On the issue of Congressional intent, Defendants argue that Congress intended to federally preempt claims within the scope of FEHBA's enforcement provisions. Defendants rely upon Congress' 1998 amendment to FEHBA, which effectively repealed the limiting language of the preemption provision, and the accompanying legislative history. The new language of § 8902(m) states that the statute shall "supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance plans." Pub.L. No. 105–266, § 3(c) (hereinafter referred to as § 8902 (*as amended* 1998)).

■ In this case, § 8902 (*as amended* 1998) was amended after both the alleged actionable conduct and the commencement of this lawsuit. The change in language was substantial. Congress' explicit declaration that § 8902 (*as amended* 1998) preempts any State or local law exceeded the prior language, which limited preemption to "inconsistent" state laws. Where jurisdiction is concerned, a court should apply the law in effect at the time it renders the decision. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997). As § 8902(m) merely addresses the court's jurisdictional limitations, the amended § 8902(m) applies. As stated, § 8902(m) (as amended 1998) provides a stronger argument for complete preemption, making this case proper for federal jurisdiction.

### A. Complete Preemption

Complete preemption occurs where Congress so completely preempts an area of law that any civil complaint arising under it is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Determining whether a field is completely preempted involves a two-part inquiry: 1) the court must find that the federal statute contains "civil enforcement provisions;" and 2) Congress must have clearly manifested an intent to preempt the field. *Id.* For the purposes of this discussion, the court will first address Congressional intent.

#### i. Congressional intent to preempt the field

■ The language of the statute and legislative history demonstrate that Congress intended to preempt the field. In January of 1998, Congress amended FEHBA. In pertinent part, the new language states

(c) PREEMPTION ...

'(m)(1) The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) **shall supersede and preempt any State or local law,** or any regulation issued thereunder, which relates to health insurance or plans.'

§ 8902 (*as amended* 1998) (emphasis added). Congress expressly repealed the previous limiting language which preempted state law "to the extent that such law or regulation is **inconsistent** with such contractual provisions." § 8902(m)(1) (1996) (emphasis added). The House Report noted that the purpose of the amendment was to affirm Congress' preemptive intent. *House Report No. 105–374(1997)*, at 16. The report states:

> [The bill] amends section 8902(m) to broaden the preemption of State and local laws with respect to health care contracts under the FEHB program. This amendment confirms the intent of Congress (1) that FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) *completely displace* State or local law relating to health insurance or plans and (2) that this preemption authority applies to FEHB program plan contract terms which relate to the provision of benefits or coverage, including managed care programs.

*Id.* (emphasis added).

Considering the language of the statute and legislative history, this Court holds that Congress has clearly manifested an intent to preempt state law regarding the terms and benefits of FEHBA plans.

*ii. The existence of a civil enforcement provision*

FEHBA provides a remedy to challenge an administrative decision which denies benefits. OPM has established a mandatory administrative process of review for denied claims. *Caudill v. Blue Cross & Blue Shield,* 999 F.2d 74 (4th Cir.1993). First, an enrollee must appeal the denial to the plan provider. 5 C.F.R. § 890.105. After exhausting the provider's review, the enrollee must appeal to the OPM. *Id.* If an enrollee is dissatisfied with OPM's ruling, the enrollee can seek judicial review of OPM's decision by suing OPM, not the plan provider. *Id.* § 890.107. In the present case, whether civil enforcement exists turns on the characterization of the underlying claims. The parties dispute whether or not the physician financial incentive program challenges an administrative decision and has a civil enforcement provision.

Plaintiff contends that this case is not a claim for improperly withheld medical benefits. Plaintiff argues that the case is a claim against Defendants for negligence and fraud. According to Plaintiff, FEHBA does not provide remedies for her claims and state law provides the only recourse. On the other hand, Defendants contend that state law claims aimed at HMO physician financial incentive programs are essentially challenges to administrative decisions denying benefits. *See Lancaster* 958 F.Supp. 1137; *Negron,* 6 F.Supp.2d 366 (holding FEHBA, specifically § 8902(m)(1) (1996), preempted plaintiff's claims against HMO under state insurance statute and for breach of contract, fraud, and corporate negligence). Defendants submit that the portions of Plaintiff's claims which attack the physician financial incentive programs are covered under FEHBA's civil enforcement.

Courts have already held that state law claims aimed at HMO physician financial incentive programs challenge the HMO's administration of plan benefits and that ERISA, an analogous federal statute, has a civil enforcement provision. *Lancaster,* 958 F.Supp. 1137. In *Lancaster,* the District Court adopted this view when addressing alleged physician financial incentive program plans in the ERISA context.[1] *Id.* at 1146–1147. The court found that ERISA's civil enforcement provisions authorized action by a participant or beneficiary to recover a benefit or to enforce or clarify rights under the

---

1. Plaintiff argues that *Lancaster* reasoning should not be adopted because ERISA contains a broader preemption clause. However, under the broader preemption clause contained in § 8902(m) (amended 1998), the Court finds that ERISA is analogous to FEHBA.

terms of a health plan. The *Lancaster* court held that negligence and fraud claims against the HMO and professional corporation, regarding promulgation and concealing physician financial incentive programs, were essentially claims attacking an administrative decision denying medical benefits. *Id.* Thus, the court found that they fell within ERISA's civil enforcement provision and supported removal under the complete preemption doctrine. *Id.* (Alternatively, the court found that claims regarding the quality of care or medical malpractice were not covered under the civil enforcement provisions.)

In this case, Plaintiff alleges five separate counts. However, if any one of the claims is completely preempted, then removal of the entire complaint is proper, regardless of whether the district court might have original jurisdiction over the remaining claims. *Franchise*, 463 U.S. at 13, 103 S.Ct. 2841. In this case, the medical malpractice claim contained in Count I and the vicarious liability (for the medical malpractice) claims contained in Counts II and III are not covered under the civil enforcement provisions. However, Count III (direct negligence for failure to establish policies and guidelines) and Counts IV and V (tortious interference with contract and fraud) are in essence a claim that plaintiff was denied medical benefits because of the alleged physician financial incentive program. Like the claims in *Lancaster*, these claims focus on Kaiser's administrative decision to decrease health care cost by awarding physicians financial incentives to discourage administration of certain expensive medical tests and treatment procedures. The majority of courts reason that these claims are addressed by FEHBA's civil enforcement provision and completely preempted. *See e.g. Lancaster*, 958 F.Supp. at 1147; *Anderson*, 24 F.3d 889; *Shea*, 107 F.3d 625; *Negron*, 6 F.Supp.2d 366. Thus, removal of Plaintiff's case to district court was proper.

### B. State Law Turns on Some Construction of Federal Common Law

The federal common law is a supplemental base for preemption of the claim under FEHBA. The United States Supreme Court has held that some areas involving "uniquely federal interest," may be so important to the federal government that, absent statutory directive, federal common law supplants state law where necessary. *Boyle v. United Tech. Corp.*, 487 U.S. 500, 504, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). Thus, causes of action which turn on the construction of federal common law are also removable. *Franchise*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Caudill*, 999 F.2d 74.

The court must apply a two-part test to determine the applicability of federal common law. *Caudill*, 999 F.2d at 78. One, the case must involve an uniquely federal interest. 999 F.2d at 78; *Boyle*, 487 U.S. at 507, 108 S.Ct. 2510. Second, a "significant conflict" must exist between the federal interest or policy and the effect of state law. *Id.*

Plaintiff argues federal common law does not apply. In an attempt to distinguish *Boyle*, Plaintiff argues that the federal contract involved was an inextricable part of the *Boyle* plaintiff's case and thus there was an unique federal interest. Plaintiff contends that the present case is not dependent on the underlying federal contract. Furthermore, Plaintiff argues that there is no significant conflict between the federal interest and the state law. According to Plaintiff, the Kaiser plan outlines a remedy for denial of benefits. Thus, her state fraud and negligence claims are not inconsistent because they do not challenge a benefit denial. Finally, Plaintiff argues that there is no suggestion that OPM specifically directed Defendants' behavior. Plaintiff also submits that this Court should follow *Ajemba v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc., et al.*, where the court facing similar facts remanded the case to state court. Civil Action No.: 98–713 (D.D.C. July 13, 1998).

On the other hand, Defendants contend that the case involves an uniquely federal interest because Kaiser is a government contractor. As the purpose of the Act is to provide uniform rules and exclusive agency authority over FEHBA administrative matters, Defendants argue that the application of state law would significantly conflict with federal policy. Furthermore, Defendants argue that allowing damage remedies may cause health insurance carriers to raise their

prices on the government contracts. As further evidence, Defendants submit that OPM recently amended its regulations in 1995 to prohibit suits against health insurance carriers.

Despite Plaintiff's urgence that the Court follow *Ajemba,* this Court is bound by this Circuit's precedent. The *Caudill* decision interpreting *Boyle* in the context of FEHBA is controlling on this issue. The Fourth Circuit has held that FEHBA disputes require the application of federal common law, not state law. *Caudill,* 999 F.2d 74. In *Caudill,* the plaintiff, a federal employee suffering from breast cancer, sued when her carrier denied coverage of certain treatment and OPM also denied the coverage. *Id.* The Fourth Circuit found that health benefits for federal employees across the country are an uniquely federal interest. *Id.* at 78. Furthermore, the Fourth Circuit opined that application of state law would result in benefits which varied from state to state because of the varying common law among states. Therefore, application of state law would undermine the national consistency which Congress intended when it provided for the OPM review process. *Id.* at 79.

The Fourth Circuit stated that even when federal common law applies, it does not always entirely displace state law. *Id.* However, when the federal interest requires an uniform rule, then federal common law entirely displaces state law. *Id.* In the context of FEHBA and federal employee health benefits, the Fourth Circuit held that federal law entirely replaces state contract law. *Id.*

Plaintiff seeks to distinguish *Caudill* because that case was based on contract law and here, Plaintiff's claim is grounded in fraud and negligence. However, the analysis is the same. As discussed above, courts have found that actions aimed at physician financial incentive programs are basically attacking the denial of benefits. Whether the action is based in contract, negligence, or fraud, the federal government's interest is the same: providing health care coverage for

federal employees. Significant conflict still exists between state law and the federal policy because state common law regarding fraud and negligence still varies from state to state. In this case, portions of Counts II and III and all of Counts IV and V concern the alleged physician financial incentive program. Any application of state law could potentially impact the administrative decisions made by health insurance carriers, which would ultimately affect the underlying contracts between the government and the carriers. Therefore, federal jurisdiction exists and the dispute is governed by federal common law. The Plaintiff's Motion to Remand is denied.

The Court will briefly address Defendants' motion for judgment on the pleadings and will not restate the arguments made by the parties in the previous motion.

II. Defendants' Motion for Judgment on the Pleadings, Fed.R.Civ.P. 12(c)

█ FEHBA has been amended during the pendency of this case. The issue presented is whether the law in effect prior to the new preemption provision or the amended provision applies. This Court reserves ruling on that issue. To determine whether any of Plaintiff's claims must be dismissed, the Court will simply apply the prior § 8902(m) (1996).[2]

*A. Complete Preemption*

Section 8902(m)(1) (1996) states

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

The Fourth Circuit and this Court have held that where a litigant pursues a remedy under state law that is not detailed in the governing FEHBA contract documents, the state law

---

**2.** Applying § 8902(m) (1996) on the motion for judgment on the pleadings does not compromise the application of § 8902(m) (*as amended* 1998) on the motion for remand. Even under the prior

§ 8902(m) (1996), federal jurisdiction would still be proper. *See Negron v. Patel,* 6 F.Supp.2d. 366 (E.D.Pa.1998).

claim is preempted. *Myers v. United States,* 767 F.2d 1072, 1074 (4th Cir.1985) (holding federal law precluded the award of attorney's fees because they were not contemplated by the federal insurance contract and were thus inconsistent); *Williams v. Blue Cross & Blue Shield of Va.,* 827 F.Supp. 1228 (E.D.Va. 1993) (finding state law punitive damages and emotional distress claims preempted).

The Court finds the analysis of *Negron v. Patel* persuasive. Some of the *Negron* plaintiff's claims are identical to those of Ms. Kight. In *Negron,* the plaintiff alleged that the HMO violated its duties by offering physician financial incentive programs, failing to formulate rules and polices to reasonably ensure the quality of care, and failing to properly train physicians. *Id.* at 370–371. The court found all of these allegations preempted under FEHBA's original preemption provision as the plaintiff's claims sought tort recovery for the HMO's administration of plan benefits. *Id.*

In this case, the Kaiser Plan establishes a single remedy for administrative decisions. An enrollee's only option is to challenge a denial of benefits and follow the procedures as outlined by OPM. The Kaiser Plan does not provide for any direct remedy against the plan. Ultimately, plaintiffs can only maintain a direct action against OPM for denial of benefits claims. Thus, Counts II and III against Kaiser and the Medical group for direct negligence for instituting and concealing the physician financial incentive program challenges an administrative decision denying medical benefits and must be dismissed. Likewise, Counts IV and V, based on the same denials, must also be dismissed.

■ Even under traditional conflict preemption principles, Plaintiff's claims are preempted. Congress already adopted an enforcement scheme in FEHBA whereby it delegated the power to police the administration of FEHBA plans to OPM. *Kobleur v. Group Hosp. & Med. Servs.,Inc.,* 954 F.2d 705 (11th Cir.1992). Plaintiff's attempt to seek state law review of Plan administrative policies directly conflicts with the OPM powers. *See also Myers,* 767 F.2d 1072. Thus, portions of Counts II and III and all of Counts IV and V must be dismissed.

### B. Federal Common Law

■ As addressed in the Court's discussion of the remand issue, *Caudill* dictates that claims involving a FEHBA plan's benefits and administration are entirely governed by federal common law. 999 F.2d at 79. The Fourth Circuit held that the specific federal common law rule should be one of deference to OPM's administrative decision on the denial of benefits and a plaintiff could only obtain judicial relief if the denial was arbitrary and capricious. *Id.* at 80. In this case, the direct negligence and fraud portions of Counts II and III and all of Counts IV and V challenge the alleged physician financial incentive programs. Plaintiff has not complained to OPM using the administrative procedures to challenge the denial of medical benefits under the physician financial incentive programs. Thus, the Court must dismiss portions of Counts II and III and all of Counts IV and V as the claims are preempted by FEHBA and the federal common law.

### Conclusion

For the reasons stated above, Plaintiff's Motion for Remand is denied and Defendants' Motion for Judgment on the Pleadings as to Portions of Counts II and III and all of Counts IV and V is Granted.