In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3550

Linda C. Lehmann, Danielle M. Brown,
and Alexis I. Brown,

Plaintiffs-Appellants,

v.

Timothy K. Brown and Teachers Insurance
and Annuity Association / College Retirement
Equities Fund,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 98-C-0825-S--John C. Shabaz, Chief Judge.

Submitted September 29, 2000--Decided October 16, 2000

Before Bauer, Easterbrook, and Evans, Circuit Judges.

Easterbrook, Circuit Judge.  After Richard Brown
and Linda Lehmann divorced in 1987, Richard
created an inter vivos trust for the benefit of
the couple's children, Danielle and Alexis.
Richard instructed his insurers and financial
intermediaries, including Teachers Insurance and
Annuity Association / College Retirement Equities
Fund (TIAA/CREF), that in the event of his death
they should pay all benefits to this trust, of
which Richard's brother Timothy was trustee.
Richard died in 1994, and TIAA/CREF paid the trust
approximately $68,000, representing Richard's
full entitlement under his TIAA/CREF contracts--
which are defined-contribution retirement plans,
regulated by the Employee Retirement Income
Security Act (ERISA). Alleging that distribution of
the benefits in a lump sum, pursuant to Timothy's
instructions, subjected the trust to
approximately $18,000 in federal taxes that could
have been avoided by periodic distributions,
Lehmann and her children filed suit in Wisconsin
court seeking damages from both Timothy and
TIAA/CREF. The complaint asserted that Timothy
violated his fiduciary duties in this and other
respects; it also sought relief on the theory
that TIAA/CREF violated its duties under Connecticut
law by distributing any benefits before Timothy

"qualified" as trustee of Richard's trust.

The claim against TIAA/CREF is hard to understand. Lehmann and her children are citizens of Connecticut, but Richard was a citizen of Minnesota when he died; a claim based on the relation between the trust and probate courts would be decided under Minnesota law. Moreover, plaintiffs' apparent assumption that state courts are responsible for appointing a trustee is unfounded; Timothy became trustee under the declaration of trust and did not need to "qualify" or be appointed by a state court as if he were the administrator of Richard's estate. Inter vivos trusts are designed in large measure to bypass probate of a decedent's estate, allowing the decedent's property to be managed and distributed immediately following his death. Plaintiffs do not contend that such vehicles for the control and distribution of wealth are unlawful in either Minnesota or Connecticut. But instead of asking the state court to dismiss the claim as frivolous (which it appears to be) or contending that any liability under state law is preempted by sec.514(a) of ERISA, 29 U.S.C. sec.1144(a) (which it almost certainly would be), TIAA/CREF removed the proceedings to federal court, contending that plaintiffs' claim "arises under" ERISA and therefore may be removed under the doctrine known as "complete preemption." See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073 (7th Cir. 1992). The district court then dismissed the suit, ruling that plaintiffs lack "standing" because none is a beneficiary of Richard's TIAA/CREF contracts, and hence none has any possible claim under ERISA. Most claims against Timothy were remanded to state court once the claim supporting federal jurisdiction had been resolved.

If, as the district judge held at the urging of TIAA/CREF, plaintiffs are strangers to the ERISA plan, then their claims cannot possibly have arisen under ERISA, and removal could not be supported by federal-question jurisdiction. Although the parties are of diverse citizenship, plaintiffs' claim against TIAA/CREF is only $18,000, well short of the jurisdictional minimum. 28 U.S.C. sec.1332(a). The district judge appears to have believed that any claim preempted by sec.514(a) of ERISA, because "related to" a pension or welfare plan, may be removed to federal court. This, however, is not so. Following established precedent, we have distinguished between federal defenses, such as preemption, which must be presented to state court, and claims based on federal law, which are removable. For applications to ERISA in particular, see Blackburn v. Sundstrand Corp., 115 F.3d 493 (7th Cir.

1997), and Rice v. Panchal, 65 F.3d 637 (7th Cir. 1995). A claim usually arises under the law that creates the right of recovery, for only when a well-pleaded complaint depends on a proposition of federal law does the claim arise under federal law. Compare Metropolitan Life, 481 U.S. at 63, with Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987). Everyone agrees that ERISA does not give plaintiffs any right of recovery. They do not seek to collect benefits under Richard's pension plan; they contend, instead, that TIAA/CREF violated state law by distributing those benefits to a trustee who had not been appointed by a state court, and in a manner that exposed the benefits to taxation. That claim sounds in tort under state law; it has no parallel under ERISA. If it is preempted then TIAA/CREF has a good defense, but federal defenses do not permit removal.

Cases such as Blackburn, Rice, and Bartholet observe that the phrase "complete preemption" has caused confusion--evident in this case--by implying that preemption sometimes permits removal. Unfortunately "complete preemption" is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field. The name misleads because, when federal law occupies the field (as in labor law), every claim arises under federal law. See In re Amoco Petroleum Additives Co., 964 F.2d 706, 709-10 (7th Cir. 1992). Any attempt to present a state-law theory then is artful pleading to get around the federal ingredient of the claim; courts look at substance, see the importance of federal law to recovery, and permit removal. Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983). ERISA occupies much of the field of pension and fringe benefits; the size and distribution of these benefits depends on federal law, so Metropolitan Life holds that a claim to benefits necessarily "arises under" federal law no matter how it is pleaded. State law is "completely preempted" in the sense that it has been replaced by federal law--but this happens because federal law takes over all similar claims, not because there is a preemption defense. See, e.g., Anderson v. Humana, Inc., 24 F.3d 889 (7th Cir. 1994) (discussing the provision of information to beneficiaries, another respect in which federal law has completely taken over).

When the complaint alleges that a welfare-benefit plan has committed a tort--for example, when a physician employed by a HMO that has been offered as a benefit to employees commits medical malpractice--the claim must arise under state law, because ERISA does not attempt to specify standards of medical care. See Pegram v. Herdrich, 120 S. Ct. 2143 (2000). Claims outside

the scope of ERISA arise independently of federal law, and the possibility that sec.514(a) preempts one or another state-law theory is just a federal defense. This is the line Rice drew; it is entirely sensible, however hard it may be to implement when (as here) the complaint does not present any recognizable theory of liability. This complaint is on the state-law side of the line if only for the reasons the district judge gave: none of the plaintiffs is a beneficiary of the TIAA/CREF plan, and none seeks those benefits (as opposed to damages for supposedly tortious conduct in the process of disbursing them to the trust).

This case must be remanded to state court. TIAA/CREF, which wrongfully removed the suit, must bear costs under Fed. R. Civ. P. 54(d)(1). But like the district court we see no non-frivolous claim available to plaintiffs; they should consider not only the wastefulness of further litigation but also the prospect of sanctions if they persist in state court.

Vacated and Remanded
with Instructions to Remand