**Milton L. WILLIAMS, by his Attorney–in–Fact, Beverly M. WILLIAMS, and Beverly M. Williams, Individually, Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF VIRGINIA, Defendant.**

Civ. A. No. 4:93cv39.

United States District Court,
E.D. Virginia,
Newport News Division.

Aug. 6, 1993.

Robert A. Small, Moody, Strople and Kloeppel, Ltd., Portsmouth, VA, for plaintiffs.

Robert E. Long, Hampton, VA, for defendant.

## ORDER

CLARKE, District Judge.

Plaintiff Milton L. Williams is covered by a health benefits plan (the "Plan") administered by Defendant Blue Cross Blue Shield of Virginia ("Blue Cross") pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901–8913. After Blue Cross denied Mr. Williams' request for health benefits, Plaintiffs brought this action in the Circuit Court for the City of Hampton seeking recovery in both contract and tort. On April 5, 1993, Defendant removed the case to this Court, citing federal question jurisdiction pursuant 28 U.S.C. § 1331. By Order dated June 10, 1993, this Court denied Plaintiffs' Motion to Remand.

This matter is now before the Court on several motions of the Defendant. Defendant moves to strike Plaintiffs' jury demand; to strike Plaintiffs' request for *de novo* review; to strike all extra-contractual remedies; and to dismiss Plaintiff Beverly M. Williams. For the reasons outlined below, Defendant's motions are GRANTED.

## I. Extra-Contractual Remedies

In their complaint, Plaintiffs assert claims against Blue Cross sounding in both contract and tort. Specifically, Plaintiffs assert a claim for breach of contract arising out of Blue Cross' denial of Milton Williams' health benefits request (the "benefits claim"), and claims for breach of fiduciary duty and punitive damages arising out of Blue Cross' bad faith in processing Mr. Williams' health benefits request (the "tort claims"). Moreover, Plaintiffs seek attorney's fees. Finally, Plaintiff Beverly M. Williams asserts claims for emotional distress and economic loss also arising out of Blue Cross' bad faith in processing Mr. Williams' benefits request. Defendant moves to strike all of Plaintiffs' extra-contractual remedies and to dismiss Plaintiff Beverly Williams on the ground that FEHBA preempts these claims.

FEHBA specifically addresses the extent to which state law is preempted:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

5 U.S.C. § 8902(m)(1). FEHBA's preemption provision has been broadly interpreted in order to "ensure uniformity in the administration of FEHBA benefits." *Hayes v. Prudential Insurance Co.*, 819 F.2d 921, 925 (9th Cir.1987) (citing H.R.Rep. No. 282, 95th Cong., 1st Sess. 4 (1977)), *cert. denied*, 484 U.S. 1060, 108 S.Ct. 1014, 98 L.Ed.2d 980 (1988).

In deciding whether state law claims are preempted, no distinction is made between "[t]ort claims arising out of the manner in which a benefit claim is handled" and claims relating to the "nature or extent of coverage or benefits." *Hayes*, 819 F.2d at 926. Rather, state law "claims 'relate to' the plan under section 8902(m)(1) as long as they

have a connection with or refer to the plan." *Id.* Furthermore, "state law claims [that] invariably expand [the health insurer's] obligations under the terms of the Plan ... are inconsistent with the Plan and, hence, preempted under [section] 8902(m)(1)." *Id.; see also Myers v. United States,* 767 F.2d 1072, 1074 (4th Cir.1985) ("state law which purports to allow recovery of additional benefits not contemplated by a federal insurance contract must be deemed inconsistent" and thereby precluded under federal law).

Given this need for uniformity in administration of FEHBA benefits, courts have routinely found state law claims preempted, including claims for breach of the duty of good faith and fair dealing, *Hayes,* 819 F.2d at 926 & n. 1; breach of fiduciary duty, *Id.;* fraud, *Id.;* tortious interference with contractual relations; *Federal Plaza Medical Associates v. Palermino,* No. 87 Civ. 6777, 1991 WL 29201 (S.D.N.Y. Feb. 22, 1991), *cited in Lieberman v. National Postal Mail Handlers Union,* 819 F.Supp. 344, 349 (S.D.N.Y.1993); equitable estoppel and quantum meruit, *Lieberman,* 819 F.Supp. at 349; damages from emotional distress, *Hartenstine v. Superior Court,* 196 Cal.App.3d 206, 241 Cal.Rptr. 756, 763–66 (1987), *cert. denied,* 488 U.S. 899, 109 S.Ct. 245, 102 L.Ed.2d 234 (1988); punitive damages, *Id.;* and attorney's fees, *Myers,* 767 F.2d at 1074.[1]

■ In this case, the Plan provides that "[f]ederal law governs claims for relief that relate to benefits under the Plan. Damages recoverable under [f]ederal law are limited to the amount of contract benefits in dispute, plus simple interest and court costs." 1990 Service Benefit Plan at 23. Plaintiffs' tort claims all relate to the manner in which Blue Cross handled Mr. Williams' health benefits request; therefore, those claims "relate to" the Plan pursuant to section 8902(m)(1). Moreover, recovery for those tort claims would expand Blue Cross' obligations beyond recovery for the amount of benefits in dispute as set out in the Plan; therefore, Plaintiffs' tort claims ·are inconsistent with the Plan, and are thereby preempted by FEHBA. Similarly, Plaintiffs' claim for attorney's fees is preempted by FEHBA. *See Myers,* 767 F.2d at 1074. Accordingly, Defendant's Motion to Strike all Extra–Contractual remedies is **GRANTED.**

Plaintiff Beverly Williams has no independent claim for health benefits. Rather, all of her claims relate to the manner in which Blue Cross handled Mr. Williams' health benefits request. As discussed above, claims of that nature are preempted under FEHBA. Accordingly, Defendant's Motion to Dismiss Plaintiff Beverly M. Williams is **GRANTED** and she is **DISMISSED** as a Plaintiff. The sole remaining claim is Mr. Williams' benefits claim with possible recovery limited to the amount of contract benefits in dispute, simple interest and court costs.

## II. Standard of Review

■ After Plaintiff's[2] request for health benefits was denied by Blue Cross, he sought administrative review by the Office of Personnel Management ("OPM"). *See* 5 C.F.R. § 890.105. The OPM agreed with Blue Cross and upheld the denial of benefits. Defendant moves to strike Plaintiff's jury demand and Plaintiff's request for *de novo* review on the ground that the true nature of Plaintiff's action is an appeal of an administrative agency's decision to which courts must apply the "arbitrary and capricious" standard of review found in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706.[3] Plaintiff counters that since the OPM is not a party to this action, the provisions of the APA do not apply.

In *Caudill v. Blue Cross and Blue Shield of North Carolina,* the Fourth Circuit held:

---

**1.** Although "Plaintiffs' Memorandum in Opposition to Defendant's Motion to Strike all Extra–Contractual Remedies," cites to one court that held state law tort claims were not preempted, *see Eidler v. Blue Cross Blue Shield United of Wisconsin,* 671 F.Supp. 1213, 1216–17 (E.D.Wis. 1987), this Court declines to follow that minority view.

**2.** For the remainder of this Order, "Plaintiff" refers only to Milton Williams.

**3.** Defendant also argues that Plaintiff is not entitled to a jury because Plaintiff failed to make a timely jury demand. Because, as discussed below, the Court finds that the "arbitrary and capricious" standard of review applies, the Court need not address this argument.

Benefit provisions are rules under the Administrative Procedure Act, 5 U.S.C. § 551(4), and this court has previously recognized that fact. *See Myers,* 767 F.2d at 1074. The standard of review by a court on an administrative agency's interpretation of a rule is whether the decision was arbitrary and capricious. 5 U.S.C. § 706(2)(A). A district court defers to OPM's interpretation of health benefit contracts unless "'plainly erroneous or inconsistent with the regulation.'" *Myers,* 767 F.2d at 1074 (quoting *United States v. Larionoff,* 431 U.S. 864, 872 [97 S.Ct. 2150, 2155, 53 L.Ed.2d 48] (1977)). 999 F.2d 74, 80 (4th Cir.1993); *see also Harris v. Mutual of Omaha Cos.,* 992 F.2d 706, 712 (7th Cir.1993) ("Congress has provided that the APA applies to all actions of federal agencies unless explicitly prohibited by statute."). Thus, this Court must apply the APA's "arbitrary and capricious" standard of review to Plaintiff's benefits claim. Moreover, contrary to Plaintiff's argument, courts consistently apply the APA's standard of review even when the OPM is not a party to the action. *See, e.g., Caudill v. Blue Cross and Blue Shield of North Carolina,* 999 F.2d 74 (4th Cir.1993) (OPM not a party); *Montz v. Federal Employees Health Management,* Civ.Act. No. 90–4647, slip op. at 5–6, 1992 WL 46394 (E.D.La. Feb. 28, 1992) (citing cases).

■ Accordingly, Defendant's Motion to Strike Plaintiff's Request for *De Novo* Review is **GRANTED.** Furthermore, because it is clear that the arbitrary and capricious standard of review is applied by the Court and not a jury, *see* 5 U.S.C. § 706; *J.L. Saunders, Inc. v. United States,* 52 F.R.D. 570, 571 (E.D.Va.1971), Defendant's Motion to Strike Plaintiff's Jury Demand is **GRANTED.**

## III. Conclusion

In sum, Defendant's Motion to Strike all Extra–Contractual remedies is **GRANTED;** Defendant's Motion to Dismiss Plaintiff Beverly M. Williams is **GRANTED** and she is **DISMISSED** as a Plaintiff; Defendant's Motion to Strike Plaintiff's Request for *De Novo* Review is **GRANTED;** and Defendant's Motion to Strike Jury Demand is **GRANTED.**[4]

As discussed above, the only remaining issue in this case is a review of the OPM's decision to uphold Blue Cross' denial of Plaintiff Milton Williams' benefits request. To make that review, the Court must have the OPM's administrative record. Accordingly, the parties may certify to the Court an agreed copy of the administrative record. If an agreed record is not received by the court within twenty (20) days of the date of this Order, this action is **REMANDED** to the OPM, which shall submit to this Court within sixty (60) days of the date of this Order a certified copy of the full record reviewed by the OPM in this case.

Upon receipt of the administrative record, the action is **REFERRED** to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636, and Rule 29, Local Rules of the United States District Court for the Eastern District of Virginia, to review the administrative record and conduct such proceedings as deemed necessary to report proposed findings of fact and recommendations for the disposition of this case. The Magistrate Judge shall inquire into whether the OPM acted within the scope of its authority, whether the decision of the OPM is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law....," and whether the OPM followed the necessary procedural requirements. 5 U.S.C. § 706; *see also Chesapeake General Hospital v. Norfleet,* Civ.Act. No. 90–1787–N (E.D.Va. July 25, 1991).

In accordance with this Order, the trial set for November 8, 1993 is hereby **REMOVED** from the Court's docket.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties, the OPM, and the Docket Clerk of this Court.

**IT IS SO ORDERED.**

---

**4.** Although Plaintiffs request oral argument on these issues, the Court finds that the facts and legal contentions were adequately presented in the materials before the Court and argument would not aid the decisional process.