933 F.Supp. 828 (1996)
Anthony J. SARKIS, Sr., et al., Plaintiffs,
v.
Roy R. HEIMBURGER, et al., Defendants.
No. 4:96CV00800 GFG.
United States District Court, E.D. Missouri, Eastern Division.
August 13, 1996.
*829 John G. Simon, Jeffrey J. Lowe, Gray and Ritter, St. Louis, MO, John J. Carey, Joseph P. Danis, Carey and Danis, St. Louis, MO, for plaintiffs.
Patrick J. Stueve, Stinson and Mag, Kansas City, MO, Don M. Downing, Stinson and Mag, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on plaintiffs' motion to remand. Two individuals filed this suit as a class action in state court on their own behalf and on behalf of all other persons "who are or were subscribers in health plans insured or administered by Blue Cross and Blue Shield of Missouri (Blue Cross) or Right Choice Managed Care, Inc." Named as defendants were Blue Cross, Right Choice, Healthlink, Inc., the President and CEO of Blue Cross and Right Choice and four officers of Right Choice.
The forty-nine page, eleven-count complaint alleges that in creating Right Choice, a for-profit health insurer, defendants wrongfully transferred approximately $434 million of Blue Cross's not-for-profit assets to the new corporation in violation of Missouri law governing not-for-profit entities and in contravention of the rights of the putative class members who were entitled to a distribution of Blue Cross's assets in the event of dissolution.
The complaint further alleges that defendants purchased Healthlink, Inc., a health maintenance organization (HMO), for approximately three times its value of $30 million to minimize Blue Cross's assets and thus the amount it may be required to distribute to its not-for-profit subscribers when it became a for-profit corporation. Defendants then allegedly encouraged Blue Cross and Right Choice's subscribers to switch to Healthlink, its allegedly inferior HMO, so that defendants could benefit from an illegal kickback scheme engaged in by Healthlink to its customers' detriment. This kickback scheme was the subject of another state court action, Kelley v. Blue Cross & Blue Shield (Circuit Court of the City of St. Louis, Mo., No. 952-01990), in which the class of Blue Cross subscribers sought recovery of the excessive co-payments they were required to pay as a result of the scheme. The case was settled in 1995 by Blue Cross agreeing to create a settlement fund of $5 million.[1]
*830 Plaintiffs' complaint asserts the following grounds for relief: conversion, breach of fiduciary duty, civil conspiracy, unjust enrichment, fraud, and negligence. Plaintiffs seek a court order removing the current directors and officers of Blue Cross, appointing a receivership, and enjoining Blue Cross from further violations of law in its attempt to convert to for-profit status; restitution of all monies wrongfully transferred including the monies paid to purchase Healthlink; punitive damages; and an order enjoining Healthlink from engaging in the kickback scheme prohibited by the settlement agreement in Kelley v. Blue Cross.
Defendants removed the action to this Court. Defendants assert that the claims of those class members who, through Blue Cross, were participants in an "employee welfare benefit plan" covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002(3), or who had health plans through the federal government, were preempted by ERISA or the Federal Employee Health Benefits Act (FEHBA), 5 U.S.C. § 8902(m)(1). Thus, defendants argue, this Court had original jurisdiction over these claims pursuant to 28 U.S.C. § 1331. Defendants further asserted that the Court had supplemental jurisdiction over the claims of the remaining class members pursuant to 28 U.S.C. §§ 1441(c) and 1367.
Plaintiffs move to remand the case to state court, arguing that none of the claims are sufficiently related to an employee benefit plan to warrant preemption by ERISA or FEHBA. Rather, plaintiffs characterize the suit as similar to a shareholders suit against a corporation.
In response to the motion to remand, defendants focus on the "Healthlink claims" arguing that these claims directly relate to ERISA (or FEHBA) plans. Defendants rely on Varity v. Howe, ___ U.S. ___, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In that case the Supreme Court held that an employer/plan administrator's conveying information to plan beneficiaries about future plan benefits in order to help them decide whether to remain with the plan was a "fiduciary" act under ERISA.
Plaintiffs reply that the "Healthlink claims" are not independent claims for relief seeking recovery of co-payments, but rather part of defendants' design to withhold Blue Cross's not-for-profit funds from its subscribers. In their surreply, defendants challenge plaintiffs' "recanting" of the "Healthlink claims" and argue that these claims must be considered as they appear in the complaint.
ERISA's preemption provision, 29 U.S.C. § 1144(a), provides in relevant part, "the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987). The intent of this preemption was to eliminate the threat of employers with employees in several states facing conflicting regulatory requirements in each state.
An employer that makes a commitment systematically to pay certain benefits undertakes a host of obligations, such as determining the eligibility of claimants, calculating benefit levels, making disbursements, monitoring the availability of funds for benefit payments, and keeping appropriate records.... The most efficient way to meet these responsibilities is to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits. Id. at 9, 107 S.Ct. at 2216.
ERISA's preemption language is "conspicuous in its breadth." Robinson v. Linomaz, 58 F.3d 365, 370 (8th Cir.1995) (quoted case omitted). Though broad, ERISA's preemption provision does have limits. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law `relates to' the plan." Shaw v. Delta Air Lines, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). In Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), for example, the Supreme Court held that ERISA did not bar a state-law garnishment *831 action against an ERISA employee welfare benefit plan. The Court explained that ERISA does not preempt "run-of-the mill state law claims such as ... failure to pay creditors, or even torts committed by an ERISA plan" even though such claims "obviously affect[] and involv[e] ERISA plans and their trustees." Id. at 833, 108 S.Ct. at 2187. See also, Custer v. Sweeney, 89 F.3d 1156, 1164 (4th Cir.1996) (legal malpractice claim against attorney representing ERISA plans not preempted).
Upon review of the record, the Court concludes that the complaint does not relate to defendants' fiduciary duties to the putative class as ERISA health plan beneficiaries, but rather as subscribers of a not-for-profit corporation. The relief sought does not implicate the administration of health benefits, nor the payment of benefits. The Court believes that Varity v. Howe, although not a preemption case, supports this conclusion. The decision in that case was based on the fact that defendant acted in the capacity of plan administrator and not in the capacity of employer, and on the "plan-related nature of the activity" involved. ___ U.S. at ___, 116 S.Ct. at 1073.
Here, defendants were not acting in the capacity of plan administrators, but in the capacity of corporate officers/corporations. The challenged activities are not sufficiently plan-related to invoke ERISA preemption. Moreover, the Court does not believe that permitting plaintiffs' claims to go forward would in any way compromise the policies that ERISA was designed to promote. As in Fort Halifax Packing Co. v. Coyne, "[t]he purposes of ERISA's pre-emption provision make clear that the [state law claims] do not raise the types of concerns that prompted pre-emption." 482 U.S. at 11, 107 S.Ct. at 2217.
Preemption under FEHBA is more limited that ERISA preemption, and does not support removal here. See Goepel v. National Postal Mail Handlers Union, 36 F.3d 306 (3rd Cir.1994).
Accordingly,
IT IS HEREBY ORDERED that plaintiffs' motion to remand is granted.
NOTES
[1] Counsel for plaintiffs in this suit was also counsel for plaintiffs in Kelley v. Blue Cross.