Denise CARTER, Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Defendant.

No. 5:98CV105SPM.

United States District Court,
N.D. Florida,
Panama City Division.

March 8, 1999.

Frank Alfred Baker, Marianna, Florida, for plaintiff Denise Carter.

W. Edward McIntyre, Bunnell Woulfe Kirschbaum Keller, Cohen & McIntyre, P.A., Ft. Lauderdale, FL, for defendant Blue Cross Blue Shield of Florida, Inc.

Adam Feinberg, Miller & Chevalier, Chartered, Washington, DC, for defendant.

### ORDER ON PLAINTIFF'S MOTION TO REMAND

MICKLE, District Judge.

This CAUSE comes for consideration upon Plaintiff's motion to remand (doc. 17). Defendant has filed a response (doc. 22) as well as a notice of new statutory authority and supplemental memorandum (doc. 32). Pursuant to 28 U.S.C. § 636(b)(1) and (3) and N.D. Fla. Loc. R. 72.3, the Court referred said motion to Magistrate Judge Gary Jones for preparation of a report and recommendation for disposition (doc. 28). The magistrate judge filed a report and recommendation on November 30, 1998, a copy of which was furnished to the parties (doc. 33). Therein, the parties were informed of their right to file objections to the report and recommendation as well as to respond to any objections filed by the other party. No objections have been filed.

 Having fully considered the motion and the report and recommendation, the Court finds that the magistrate judge properly relied on the 1998 amendment to 5 U.S.C. § 8902(m) as, where jurisdiction is concerned, the court should apply the law in effect at the time it renders its decision. *See* Pub.L. No. 105-266, § 3(c); *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The report and recommendation

should be adopted and Plaintiff's motion to remand, denied.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The magistrate judge's report and recommendation (doc. 33) is hereby ADOPTED and incorporated in this order by reference.

2. Plaintiff's motion to remand (doc. 17) is DENIED.

## REPORT AND RECOMMENDATION

JONES, United States Magistrate Judge.

Pending before this court is Plaintiff's Motion To Remand (doc. 17). Defendant, Blue Cross And Blue Shield of Florida, Inc. ("Blue Cross") has filed a response to the motion (doc.22). For the reasons discussed below I find that Plaintiff's motion to remand should be denied.

### Discussion

Plaintiff, a federal employee, is enrolled in a federal health insurance plan pursuant to the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901–8914 ("FEHBA"). The federal health insurance plan under which Plaintiff seeks benefits is a federal government procurement contract called the Service Benefit Plan. Prior to her enrollment in this plan, plaintiff was enrolled in another plan sponsored by the Mail Handlers Benefit Plan. Plaintiff filed an action in state court alleging that Blue Cross breached an insurance contract with Plaintiff by denying benefits under the Service Benefit Plan for inpatient services at a psychiatric and substance abuse facility and for fraudulent inducement relating to her conversion to the Service Benefit Plan.

Blue Cross timely filed a Notice of Removal (doc.1) pursuant to 28 U.S.C. § 1446 contending that the district court has removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) and/or, alternatively, that the court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b) as an action over which the district court has original jurisdiction under 28 U.S.C. § 1331.

Plaintiff moved to remand arguing that removal is improper because Plaintiff's claim for fraudulent inducement is purely a state law controlled claim and that such claim has not been completely preempted by FEHBA. As such, Plaintiff claims, there is no federal question jurisdiction, thus, mandating that Plaintiff's claims be remanded to state court.

Blue Cross argues that plaintiff's state law claims are completely preempted by FEHBA, thus, converting plaintiff's state law claims into federal ones for the purposes of federal question jurisdiction.

Removal of a state court action based on federal question jurisdiction is proper only if the action asserts a claim "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331, 1441. Generally, a case "arises under" federal law only where a federal question appears on the face of the plaintiffs' well pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2428–29, 96 L.Ed.2d 318 (1987) ('well pleaded complaint rule' provides that federal question jurisdiction exists only where a federal question is presented on the face of the plaintiffs' properly pleaded complaint). Under that rule, a case cannot be removed because the defendant raises a federal defense to a state law claim, including the federal defense of preemption. *See, Brown v. Connecticut General Life Ins. Co.,* 934 F.2d 1193, 1196 (11th Cir. 1991). The well pleaded complaint rule has a narrow exception known as the complete preemption doctrine. The doctrine states that when the preemptive force of a statute is "extraordinary," it "converts an ordinary common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Accordingly, the determination of whether FEHBA completely preempts state law is dispositive of whether removal is proper.

### FEHBA Preempts State Law

Determining whether the complete preemption doctrine permits removal of this case requires a two step analysis. *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir.1996). Initially, the court must determine whether FEHBA completely preempts the field of benefit claims under the Service Benefit Plan and then whether the plaintiff's claims fall within the scope of the civil enforcement provisions of FEHBA. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24–26, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983).

■ In determining the issue of complete preemption the court looks to Congressional intent. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 64–66, 107 S.Ct. at 1546–48 (There must exist "a clear indication of a Congressional intention" to permit removal despite the plaintiffs' exclusive reliance on state law).

■ Here, Congress has recently resolved the issue of whether FEHBA completely preempts state law relating to health insurance plans by enacting the Federal Employees Health Care Protection Act of 1998 (the "1998 Act"), which, *inter alia*, broadened FEHBA's preemption provision. Pub.L. No. 105–266, 112 Stat.2363 (1998) (signed into law by president Clinton on October 19, 1998). The 1998 Act removed the phrase from the preemption provision of FEHBA, that had troubled some courts in determining whether there was complete preemption under FEHBA.[1] Under the 1998 Act FEHBA's preemption provision now states:

The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

Federal Employees Health Care Protection Act of 1998, Pub.L. No. 105–266, § 3(c). Accordingly, it is no longer necessary that FEHBA be deemed inconsistent with state law in order to preempt but only that the state laws relate to health insurance or plans.

In addition to the clear wording of this provision of the 1998 Act, the legislative history clearly highlights that Congress intended that FEHBA preempt disputes relating to FEHBA health insurance plans. The House Report states that "[t]his change will strengthen the case for trying FEHB program claims disputes in Federal courts rather than state courts." H.R.Rep. No. 105–374, at 9(1998). The "amendment confirms the intent of Congress … that FEHB program contract terms which relate to the nature or extent of coverage or benefits completely displace State or local law relating to health insurance or plans." *Id.* At 16.

Having determined that Congress intended to preempt state law in the 1998 Act, we must also determine whether plaintiff's claim for breach of contract falls within the civil enforcement provisions of FEHBA. Congress has expressly mandated that the Office of Insurance Programs ("OPM") shall review any claim by a FEHBA enrollee, such as Plaintiff here, where a carrier allegedly has inappropriately withheld benefits. 5 U.S.C. § 8902(j). The OPM has plenary authority to prescribe regulations necessary to

---

1. Under the old law FEHBA preempted state law "to the extent that such law or regulation is inconsistent with such contractual provisions." See. 5 U.S.C. § 8902(m)(1). Because the old law appeared to preempt state law only if state law was determined to be inconsistent with FEHBA's contractual provisions some courts concluded that FEHBA did not completely preempt state law for jurisdiction-

al purposes. *See e.g. Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 312 n. 77 (3rd Cir.1994); *Lambert v. Mail Handlers Benefit Plan*, 886 F.Supp. 830, 836 (M.D.Ala. 1995); *but compare, Hanson v. Blue Cross Blue Shield of Iowa*, 953 F.Supp. 270 (N.D.Iowa 1996) (FEHBA completely preempts state law claims).

carry out FEHBA programs. 5 U.S.C. § 8913(a) and in that regard has set up an administrative review process under which a dissatisfied enrollee, like plaintiff, may appeal to the agency a carrier's interpretation of the contractual provisions concerning coverage. In the event the OPM affirms the carrier's decision, an enrollee may seek judicial review of the agency's adjudication in federal court. Here, plaintiff's claim that Blue Cross breached the insurance contract by not paying hospitalization benefits falls within the administrative process and as such is cognizable under FEHBA's enforcement procedures. *See, Bridges v. Blue Cross & Blue Shield Ass'n.*, 935 F.Supp. 37, 43 (D.D.C.1996); *Hanson*, 953 F.Supp. at 275.

 Accordingly, based on both the express wording of the 1998 Act and the legislative history relating to the enactment of this new law coupled with the fact that the claims fall within the civil enforcement provisions of FEHBA, I conclude that FEHBA now completely preempts plaintiffs's state law breach of contract claim.[2]

Because the complete preemption doctrine applies to plaintiff's breach of contract claim the claim creates a federal question. Thus, there exists a claim arising under federal law to be removed and litigated in federal court under 28 U.S.C. § 1441, making the removal by Blue Cross proper. It is, therefore, respectfully REC-

OMMENDED that Plaintiff's Motion To Remand (doc. 17) be **DENIED.**

November 30, 1998.

---

2. The court does not need to determine whether the Plaintiff's claim for fraudulent inducement is preempted as a claim "relating to an insurance contract or plan" because it is only necessary that one of the claims in the complaint state a federal question in order for the court to have jurisdiction over the entire case. Because the court concludes that the breach of contract claim states a federal question under the complete preemption doctrine there is sufficient jurisdiction for removal. Further, the court's determination is based on the pleadings at the time of removal. However, without deciding the merits of plaintiff's claim for fraudulent inducement that claim may also be removable. The claim appears to be based on the argument that before she enrolled in the new Service Benefit Plan she was advised by Blue Cross that the health insurance claims in dispute, here, would be covered. However, state law tort claims associated with a denial of benefits under FEHBA are not "separable from the terms of the contract" and, thus, are no less preempted than the breach of contract claims. *See, Hayes v. Prudential Ins. Co. of America*, 819 F.2d 921, 926 n. 1 (9th Cir.1987); *Burkey v. Gov't. Employees Hospital Ass'n.*, 983 F.2d 656 (5th Cir.1993).