**Virginia RIEVLEY, by next friend, Earl Rievley, Plaintiff,**

v.

**BLUE CROSS BLUE SHIELD OF TENNESSEE; and PCS Health Systems, Inc., Defendants.**

No. 1:99–CV–147.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Sept. 29, 1999.

Anita B. Hardeman, Thomas J. Wybenga, Burnette, Dobson & Hardeman, Chattanooga, TN, for Plaintiff.

Joseph R. White, Spears, Moore, Rebman & Williams, Chattanooga, TN, Anthony F. Shelley, Mary O. Walker, Esq., Miller & Chevalier, Washington, DC, for Defendant.

## MEMORANDUM

EDGAR, Chief Judge.

This matter comes before the Court on plaintiff Virginia Rievley's ("Rievley") motion to remand (Court File No. 5). In April 1999, Rievley filed a complaint in the Chancery Court of Hamilton County, Tennessee, claiming breach of insurance contract, breach of fiduciary duty, and bad-faith denial of insurance benefits under TENN. CODE ANN. § 56–7–105 (1994). Defendants Blue Cross Blue Shield of Tennessee ("BCBS–TN") and PCS Health Systems ("PCS") removed the case to the United States District Court for the Eastern District of Tennessee (Court File No. 1). Plaintiff moves to remand the case to state court, arguing that there is no basis for federal subject matter jurisdiction.[1]

The issue to be resolved is whether Rievley's state law claims stemming from the defendants' denial of insurance benefits are preempted under the Federal Employee Health Benefits Act ("FEHBA") or federal common law. Rievley asserts that the Court must remand for lack of subject matter jurisdiction because her claims for breach of contract, breach of fiduciary duty, and bad-faith benefits denial are not preempted by federal law and that the state court's jurisdiction is proper. Defendants argue that the case is properly before this federal district court because the contract and tort claims are completely preempted by or require the construction of federal law. The Court agrees with defendants, and the courts which have most recently addressed the scope of FEHBA's preemption, that the plaintiff's claims are completely preempted by federal law. Alternatively, because this case involves an area of significant federal interest and highlights an area of conflict between federal policy and state law, federal law will govern. The plaintiff's motion to remand will be **DENIED**.

## I. Background

Congress enacted the Federal Employee Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901–8914, in 1959 to provide health insurance coverage for federal employees and their dependents. FEHBA authorizes the Office of Personnel Management (OPM) to contract with insurance carriers to provide health care benefits and to supervise the administration of FEHBA plans. 5 U.S.C. §§ 8902–8903. Rievley and her husband, a retired employee of the United States Postal Service, participate in the Service Benefit Plan ("the Plan"), a federal health insurance plan under FEHBA. The Plan is a contract between OPM and the Blue Cross Blue Shield Association, on behalf of Blue Cross Blue Shield companies nationally. No insurance contract exists, however, between the Rievleys and Blue Cross Blue Shield. *Caudill v. Blue Cross Blue Shield of North Carolina,* 999 F.2d 74, 76–77 (4th Cir.1993); *Hanson v. Blue Cross Blue Shield of Iowa,* 953 F.Supp. 270, 272 (N.D.Iowa 1996). Instead, the Rievleys are enrollees in a federal health insurance plan underwritten by BCBS–TN and they are subject to regulations promulgated by OPM. *Id.; see also* 5 C.F.R. § 890.101–.104, .301–.308 (prescribing terms of FEHBA enrollment program). Defendant BCBS–TN administers the Plan in Tennessee. As authorized by the Plan, BCBS–TN subcontracted the processing of pharmaceutical claims to defendant PCS.

---

**1.** Additionally, defendants move for summary judgment under FED. R. CIV. P. 56 to dismiss plaintiff's complaint. Pursuant to the Court's scheduling order filed August 18, 1999 (Court File No. 7), plaintiff has until November 12, 1999, to respond to defendants' motion for summary judgment. Plaintiff has not yet responded to that motion, and the Court will not consider defendant's summary judgment motion until plaintiff has filed her response.

Rievley was diagnosed with Alzheimer's disease. Rievley's physician, Aloys T. Mangan, M.D., prescribed the drug Cognex/Aricept to treat her Alzheimer's disease. Rievley submitted the bills for Cognex/Aricept to defendants, and BCBS–TN denied payment for the drugs. Rievley then appealed the denial, submitting supplemental information concerning the medication and treatment. On July 8, 1998, Blue Cross Blue Shield affirmed the denial of coverage, and informed Rievley that she could obtain further review from OPM to determine if the denial comports with the Plan.

Rather than seeking OPM review, Rievley filed this lawsuit in state court on April 5, 1999. Rievley claims that in denying coverage for Cognex/Aricept, BCBS–TN and PCS breached their contractual duty to provide benefits to her and breached their fiduciary duty to her as their insured. Moreover, Rievley contends that defendants' denial of coverage is in bad faith, thus subjecting them to additional liability pursuant to TENN. CODE ANN. § 56–7–105. Defendants timely removed the action to federal district court pursuant to 28 U.S.C. § 1441. (Court File No. 1). Rievley thereafter filed a motion to remand to state court (Court File No. 5). In August, 1999, several months after her complaint was filed and defendants removed the case to this Court, Rievley requested that OPM review the denial of coverage. On September 2, 1999, OPM upheld the denial.

## II. Complete Preemption

■ A case, such as this one, initially brought in state court may be removed to federal district court only where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is thus proper only where the state court complaint could have been brought initially in the federal district court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996). The defendants who removed the case and are seeking to invoke this Court's subject matter jurisdiction have the burden to establish that the instant action arises under federal law. *Ahearn*, 100 F.3d at 453–54; *Gotlib v. Paul Revere Life Ins. Co.*, 26 F.Supp.2d 989, 991 (E.D.Mich. 1998); *see also Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948–49 (6th Cir.1994) (defendants as removing party bear the burden to establish federal subject matter jurisdiction).

■ The district courts of the United States have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim raised in a complaint "arises under" federal law is determined by application of the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318; *Franchise Tax Board v. Laborers Vacation Trust Corp.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Her Majesty the Queen v. City of Detroit*, 874 F.2d at 338–39 (6th Cir.1989). According to this rule, plaintiffs may avoid the jurisdiction of the federal courts by relying solely on state-law claims. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; *Ahearn*, 100 F.3d at 456. If the plaintiff's complaint on its face does not raise a federal question, then the federal district court may not assert jurisdiction. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; *Franchise Tax Board*, 463 U.S. at 10, 103 S.Ct. 2841. Even where a federal defense, including federal preemption, is available to the defendant, if it does not appear on the face of the complaint, the defendant may not remove the case. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■ An exception to the well-pleaded complaint rule exists where federal law completely preempts state law. *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. 1542; *Her Majesty the Queen*, 874 F.2d at 342. Federal law is the "supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the

Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2. The courts of the United States have interpreted the Supremacy Clause in the Constitution to nullify the application of state law that in any way encroaches on the administration of federal law. *Louisiana Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 368–69, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986); *Wellons v. Northwest Airlines, Inc.*, 165 F.3d 493, 497 (6th Cir.1999) (Krupansky, J., dissenting); *CSX Transportation, Inc. v. City of Plymouth, Michigan*, 86 F.3d 626, 627–28 (6th Cir.1996). A federal statute's preemptive effect derives from one of three sources. *Gustafson v. City of Lake Angelus*, 76 F.3d 778, 782 (6th Cir.1996); *Larkin v. State of Michigan Dep't of Soc. Serv.*, 89 F.3d 285, 289 (6th Cir.1996) (citing *Michigan Canners & Freezers Ass'n v. Agricultural Marketing and Bargaining Bd.*, 467 U.S. 461, 469, 104 S.Ct. 2518, 81 L.Ed.2d 399 (1984)). First, Congress may state a clear intent to preempt state law. *Id.* Second, a federal statute may impliedly preempt state law by " 'occupying the field' of regulation." *Gustafson*, 76 F.3d at 782 (quoting *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 248, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984)). Third, federal law preempts state law where there is a conflict between the two laws, such that the state law subverts the accomplishment of Congress's goals. *Id.* at 782–83 (citing *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)); *Larkin*, 89 F.3d at 289 (citing *Michigan Canners*, 467 U.S. at 469, 104 S.Ct. 2518).

■ Preemption analysis begins with the presumption that Congress does not intend to preclude state law. *Wellons*, 165 F.3d at 494 (citing *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995)). This presumption is overcome by a showing of Congress's " 'clear and manifest purpose' " to create a federal preemption. *Id.* (citing

*Travelers*, 514 U.S. at 655, 115 S.Ct. 1671; *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (11th Cir.1998)). In this case, the defendants rely on FEHBA, which contains a clause specifying that FEHBA contract provisions "shall supersede and preempt" state law relating "to health insurance or plans." 5 U.S.C. § 8902(m)(1). This language clearly demonstrates the intent of Congress to create a federal preemption in FEHBA.

■ Where federal preemption exists, its effect on state law depends on whether the preemption is complete or partial. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. Determining whether federal preemption is complete so as to permit removal requires a two-part analysis: 1) Congress must have clearly expressed an intent to preempt the area of law completely; and 2) the Court must determine whether the plaintiff's claims fit within the scope of a statute's "civil enforcement provisions." *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542; *Goepel v. National Postal Mail Handlers Union, a Div. of LIUNA*, 36 F.3d 306, 311 (3d Cir.1994); *cert. denied*, 514 U.S. 1063, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995); *Aaron v. National Union Fire Ins. Co. of Pittsburg*, 876 F.2d 1157, 1161–64 (5th Cir.1989), *reh'g denied*, 886 F.2d 1314 (5th Cir.), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Carter v. Blue Cross & Blue Shield of Florida, Inc.*, 61 F.Supp.2d 1237, 1239–40 (N.D.Fla.1999) *Kight v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.*, 34 F.Supp.2d 334, 338 (E.D.Va.1999); *Hanson*, 953 F.Supp. at 274.

**A. Congressional Intent to Preempt State Law**

■ To determine the scope of federal preemption, the Court must first look to

the expressed intent of Congress. *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542; *Her Majesty the Queen*, 874 F.2d at 342. Where Congress clearly demonstrates its intention to preempt state law in an entire field, the state claims are removable. *Id.* A number of courts examining the statutory language of FEHBA prior to 1998, have concluded that Congress did not intend for FEHBA to preclude all state law claims. *See Arnold v. Blue Cross & Blue Shield of Texas, Inc.*, 973 F.Supp. 726, 731–32 (S.D.Tex.1997); *Sarkis v. Heimburger*, 933 F.Supp. 828, 831 (E.D.Mo.1996); *Lambert v. Mail Handlers Benefit Plan*, 886 F.Supp. 830, 835–36 (M.D.Ala.1995); *Baptist Hosp. of Miami, Inc. v. Timke*, 832 F.Supp. 338, 341 (S.D.Fla.1993); *Mooney v. Blue Cross of Western Pennsylvania*, 678 F.Supp. 565, 567 (W.D.Pa.1988); *Eidler v. Blue Cross Blue Shield United of Wisconsin*, 671 F.Supp. 1213, 1217 (E.D.Wis.1987). Prior to 1998, 5 U.S.C. § 8902(m)(1) FEHBA provided that the terms of federal employee health insurance contracts would preempt state law "to the extent that such law or regulation is inconsistent with such contractual provisions."

Courts rejecting arguments that FEHBA completely preempted state law have frequently distinguished FEHBA's "inconsistent with" language from that of ERISA. *Goepel*, 36 F.3d at 312–13 & n. 7; *Cyr v. Kaiser Foundation Health Plan of Texas*, 12 F.Supp.2d 556, 567–68 (N.D.Tex. 1998); *Arnold*, 973 F.Supp. at 732; *Sarkis*, 933 F.Supp. at 831 (citing *Goepel* ); *Lambert*, 886 F.Supp. at 835–36. Under ERISA, "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" are preempted by federal law. 29 U.S.C. § 1144(a). Through this language, ERISA completely preempts certain state law claims. *Metropolitan Life*, 481 U.S. at 63–67, 107 S.Ct. 1542; *Franchise Tax Board*, 463 U.S. at 24–26, 103 S.Ct. 2841; *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir.1995). By contrast, the pre–1998 FEHBA preemption required courts to determine as a threshold matter whether a state law provision, such as recovery in tort, was in conflict with the health benefits contract. *Goepel*, 36 F.3d at 312 n. 7; *Weathington v. United Behavioral Health*, 41 F.Supp.2d 1315, 1320 (M.D.Ala.1999) (relying on pre–1998 version of FEHBA statute); *Corporate Health Insurance, Inc. v. Texas Dep't of Insurance*, 12 F.Supp.2d 597, 629 (S.D.Tex.1998); *Craig v. Gov't Employees' Insurance Co.*, 134 F.R.D. 126, 127 (D.Md. 1991); *Eidler*, 671 F.Supp. at 1217. Where there was no conflict between the contract and the state law, FEHBA had no preemptive effect. *Goepel*, 36 F.3d at 312 n. 7; *Mooney*, 678 F.Supp. at 567; *Eidler*, 671 F.Supp. at 1217. Because of this narrower scope, compared to the broad preemption language of ERISA, a number of courts concluded that Congress did not intend to create a complete preemption in FEHBA. *Weathington*, 41 F.Supp.2d at 1320; *Arnold*, 973 F.Supp. at 731–32; *Sarkis*, 933 F.Supp. at 831; *Lambert*, 886 F.Supp. at 836; *but see Hanson*, 953 F.Supp. at 274–75 (concluding, after comparing ERISA and FEHBA, that Congress intended complete preemption in FEHBA). Without complete preemption, defendants cannot ordinarily remove cases in which plaintiffs stated only state law claims. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425; *Ahearn*, 100 F.3d at 457.

In 1998, however, Congress amended FEHBA's preemption language, broadening its scope. The new language and the legislative history surrounding its adoption clarify the intent of Congress that FEHBA completely preempt state law concerning federal employees' health coverage. The 1998 amendment eliminates the language restricting FEHBA's preemption to instances where state law was "inconsistent with" health insurance contracts. As now codified, FEHBA provides that

> The terms of any contract under this chapter [5 U.S.C. §§ 8901 *et seq.*] which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereun-

der, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1). The House Report accompanying the bill explained that the purpose of the amendment was

> to broaden the preemption of State and local laws with respect to health care contracts under the FEHB program. This amendment confirms the intent of Congress (1) that FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) completely displace State or local law relating to health insurance or plans and (2) that this preemption authority applies to FEHB program plan contract terms which relate to the provision of benefits or coverage, including managed care programs.

H.R. REP. No. 105–374, at 16 (1997); *see also* S. REP. No. 105–257, at 15 (1998) ("The new language would preclude state and local governments from regulating the provision of coverage or benefits as well, and it [removes] the language dealing with inconsistencies, thereby giving the federal contract provisions clear authority."). Additionally, Representatives Cummings and Mica pointed out on the House floor that, with the goal of ensuring uniform provision of benefits to federal employees across the country, the amendment would fortify FEHBA's preemptive effect over local and state law. 144 CONG. REC. H9354 (daily ed. Oct. 5, 1998) (statement of Rep. Cummings); 143 CONG. REC. H9916, H9917 (daily ed. Nov. 4, 1997) (statements of Reps. Mica and Cummings).

Since the enactment of the 1998 amendment, three federal district courts have examined FEHBA's preemptive force. Two of these courts conclude that Congress intends for FEHBA to preempt state law completely, while the third holds that FEHBA lacks complete preemption. *Carter*, 61 F.Supp.2d at 1241 (holding that FEHBA completely preempts); *Weathington*, 41 F.Supp.2d at 1321 (rejecting complete preemption); *Kight*, 34 F.Supp.2d at 338–40 (complete preemption). The Middle District of Alabama has rejected complete preemption relying strictly on the old statutory language. *Weathington*, 41 F.Supp.2d at 1320 (quoting pre–1998 version of 5 U.S.C. § 8902(m)(1)). Although discussing a 1996 change in OPM regulations concerning challenges to denial of benefits, the *Weathington* court's analysis is flawed because it makes no mention of the 1998 amendment to FEHBA. *Id.* at 1321 (discussing 5 C.F.R. § 890.107(c)). Instead, *Weathington* merely reiterates the now-discarded "inconsistent with" language and perceived "no clear Congressional intent under FEHBA to provide complete preemption and create removal jurisdiction." *Id.* at 1320–21.

By contrast, the two courts interpreting 5 U.S.C. § 8902(m)(1), as amended, conclude that Congress intends that FEHBA completely preempt state law. *Carter*, 61 F.Supp.2d at 1240–41; *Kight*, 34 F.Supp.2d at 338–39. These two cases highlight the facts that Congress deliberately removed the "inconsistent with" language from the statute and plainly affirmed its goal of precluding state law in the area of federal employee benefits in the legislative history of FEHBA. *Id.* The 1998 amendment brought FEHBA's preemption on par with that of ERISA. *Kight*, 34 F.Supp.2d at 339 n. 1. Consequently, Congress has "clearly manifested an intent to preempt state law regarding the terms and benefits of FEHBA plans." *Id.* at 339.

■ Considering this recent change in statutory language, the legislative history including the House Report accompanying the 1998 bill, and the opinions of the only two federal district courts that have discussed and analyzed FEHBA in its amended form, this Court holds that Congress has demonstrated a clear intention that FEHBA completely preempt state law in the area of federal employee health insurance plans.

■ In the instant case, the amendment to 5 U.S.C. § 8902 took place after the denial of benefits but prior to Rievley

filing her complaint in state court. The substantial change in the statute, elimination of the restricting language, reflects the intent of Congress to broaden the scope of FEHBA's preemption over state law. This change is jurisdictional, expanding federal court authority in this area. *Kight*, 34 F.Supp.2d at 338. In matters of jurisdiction, this Court should adhere to the law in effect at the time it renders a decision. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274–75, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Kight*, 34 F.Supp.2d at 338 (citing *Landgraf*). Accordingly, this Court will apply § 8902(m), as amended in 1998.

### B. FEHBA Civil Enforcement Provisions

Once this Court determines that Congress intends to preempt the field, the next step is to ascertain whether Rievley's claims fall within the civil enforcement provisions of the federal law. *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542; *Goepel*, 36 F.3d at 311; *Carter*, 61 F.Supp.2d at 1239–40. In her complaint, Rievley claims that BCBS–TN and PCS breached, in bad faith, their contractual and fiduciary duties to provide insurance benefits under the Plan by denying coverage for Cognex/Aricept. A mechanism for challenging such denial of benefits exists in FEHBA. *Kight*, 34 F.Supp.2d at 339; *Hanson*, 953 F.Supp. at 274.

FEHBA authorizes OPM to contract with insurance providers for federal employee health coverage and empowers OPM to order these carriers to pay benefits to enrollees where the agency determines the contract so requires. 5 U.S.C. § 8902(a), (j). FEHBA further authorizes OPM to promulgate regulations governing the provision of health benefits. 5 U.S.C. § 8913(a). Pursuant to this authority, OPM has prescribed a mandatory administrative procedure for reviewing denied benefit claims. *Kight*, 34 F.Supp.2d at 339 (citing *Caudill v. Blue Cross & Blue Shield*, 999 F.2d 74 (4th Cir.1993)). First, where a benefits provider denies a claim, an enrollee must seek reconsideration from the carrier. 5 C.F.R. § 890.105(a)(1). If the carrier upholds the denial, then the enrollee must appeal to OPM. *Id.* The enrollee may seek judicial review of OPM's final disposition of the denial, but the enrollee must bring an action against OPM and not against the carrier. 5 C.F.R. § 890.107(c). In such a lawsuit, the court's action is "limited to directing OPM to require the carrier to pay the amount of benefits in dispute." *Id.* Through this regulatory scheme, including the right to bring a claim against OPM, FEHBA has provided Plan enrollees with a mechanism for the civil enforcement of the Plan.

### C. Rievley's Claims

■ Rievley raises three claims against BCBS–TN and PCS arising from the denial of coverage for Cognex/Aricept. First, she claims the defendants breached a contractual duty to provide insurance benefits to her, in violation of the terms of the Plan. Second, Rievley claims that defendants breached a fiduciary duty they owed to her as their insured. Finally, Rievley claims that the denial of coverage for Cognex/Aricept was in bad faith, subjecting defendants to heightened penalties under TENN. CODE ANN. § 56–7–105. If any one of these three claims is addressed by FEHBA's civil enforcement procedure and is thus completely preempted, "then removal of the entire complaint is proper, regardless of whether the district court might have original jurisdiction over the remaining claims." *Kight*, 34 F.Supp.2d at 340 (citing *Franchise Tax Board*, 463 U.S. at 13, 103 S.Ct. 2841).

■ This Court concludes that all three of Rievley's state law claims fall within the scope of FEHBA's civil enforcement scheme and are accordingly completely preempted by the terms of the contract. "[P]reemption applies to state law claims which ... relate to the extent of coverage under a FEHBA policy." *Robinson v. Humana Group Health Plan, Inc.*, Civ.A. No. 95–1233(GK), 1996 WL 653846, at *5 (D.D.C. Nov.5, 1996). "State

claims 'relate to' the extent of coverage when they have a connection with or reference the plan." *Id.* (citing *Hayes v. Prudential Insurance Co. of America,* 819 F.2d 921, 926 (9th Cir.1987)). The first claim, breach of the insurance contract, relates to the extent of coverage and thus fits "squarely within the scope of this civil enforcement provision." *Hanson,* 953 F.Supp. at 275; *see also Bridges v. Blue Cross & Blue Shield Ass'n,* 935 F.Supp. 37, 43 (D.D.C.1996) ("A claim for breach of contract is, of course, cognizable under the FEHBA's enforcement procedures."). The Rievleys are not parties to the Plan, instead they are enrollees subject to OPM's regulations. There is no contract between BCBS–TN and the Rievleys. *Id.* Under the OPM regulations, enrollees have the right to seek review by carriers, OPM, and courts that coverage denials comport with the terms of the Plan. 5 C.F.R. §§ 890.105(a)(1), .107(c). The Rievleys claim BCBS–TN breached the terms of the insurance contract by denying coverage. This claim is exactly the type addressed by the FEHBA civil enforcement provisions, and is accordingly completely preempted by federal law. *Hayes,* 819 F.2d at 926 & n.; *Carter,* 61 F.Supp.2d at 1240–41; *Negron v. Patel,* 6 F.Supp.2d 366, 370 (E.D.Pa.1998); *Hanson,* 953 F.Supp. at 275; *Robinson,* 1996 WL 653846, at *7; *Williams v. Blue Cross and Blue Shield of Virginia,* 827 F.Supp. 1228, 1229–30 (E.D.Va.1993).

Rievley's second claim, breach of fiduciary duty, is similarly cognizable under FEHBA's civil enforcement provisions. Although this claim is based in tort instead of contract, it is essentially an assertion "that the plan failed to live up to its contractual duty in ways that [Tennessee] law would deem appropriate." *Negron,* 6 F.Supp.2d at 370 & n. 2. Because it is a demand "for contractual benefits that were not realized," and FEHBA preempts state law contract claims, Rievley's breach of fiduciary duty claim is within the scope of FEHBA's civil enforcement provision and is preempted. *Id.* at 370; *see also Hayes,* 819 F.2d at 926 & n. 1 (holding that breach

of fiduciary duty claim was preempted by FEHBA); *Williams,* 827 F.Supp. at 1229–30 (same); *Federal Plaza Medical Assocs. v. Palermino,* No. 87 Civ. 6777(MGC), 1991 WL 29201, at *7–*8 (S.D.N.Y. Feb.22, 1991) (same).

Finally, Rievley's Tennessee statutory claim of bad faith denial of insurance coverage is also addressed by FEHBA's civil enforcement procedure. "Tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract." *Burkey v. Government Employees Hosp. Ass'n,* 983 F.2d 656, 660 (5th Cir.1993) (citing *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)); *Hayes,* 819 F.2d at 926; *Carter,* 61 F.Supp.2d at 1244; *see also Robinson,* 1996 WL 653846, at *6 ("These claims are indistinguishable"). In *Burkey,* the Fifth Circuit explained that a statutory bad faith claim necessarily relates to, and as such is preempted by, a FEHBA plan because it concerns the plan's "determin[ation] of coverage and whether the proper claims handling process was followed." *Burkey,* 983 F.2d at 660; *see also Myers v. United States,* 767 F.2d 1072, 1074 (4th Cir.1985) (statutory bad faith claim for denial of benefits preempted by FEHBA); *Williams,* 827 F.Supp. at 1230 (bad faith and other claims "relate to the manner in which Blue Cross handled Mr. Williams' health benefits request"); *but see Hanson,* 953 F.Supp. at 275–76 (bad faith denial claim not covered by FEHBA, but the remand motion rejected because plaintiff's contract claim was covered). In this case, Rievley asserts that BCBS–TN acted in bad faith when it denied payment for Cognex/Aricept. As in *Burkey,* this claim amounts to a challenge to the coverage determination. It relates to the FEHBA plan and is within the scope of OPM's enforcement mechanism.

All three of Rievley's state law claims fall within the FEHBA civil enforcement provision. For the Court to assert removal jurisdiction, only one state claim need be completely preempted. *Hanson,* 953

F.Supp. at 275. Because Rievley's claims of breach of contract, breach of fiduciary duty, and bad faith are covered by OPM's mechanism for the civil enforcement of the terms of FEHBA plans, all three claims are completely preempted. Accordingly, under the doctrine of complete federal preemption, BCBS–TN and PCS properly removed these claims to this Court. Rievley's motion to remand will be **DENIED**.

### III. Construction of Federal Law

In addition to contending that Rievley's claims are completely preempted by FEHBA, BCBS–TN and PCS assert that they properly removed this case to federal court because the contract and tort claims require the construction of federal law. Federal common law will sometimes displace state law in areas of "uniquely federal interest." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). To determine whether federal common law will supplant state law, courts apply a two-part analysis. *Caudill*, 999 F.2d at 78; *Kight*, 34 F.Supp.2d at 340. First, there must be a "uniquely federal interest" involved in the case. *Id.* Second, the federal interest and the state law must significantly conflict. *Id.*

Rievley's claims involve the provision of benefits under a federal health insurance contract. The contract, entered into by the United States and private health carriers, implicates a significant federal interest "because it involves health benefits for federal employees across the country." *Caudill*, 999 F.2d at 78. In *Caudill*, a woman who was denied special cancer treatment brought suit against her FEHBA plan, seeking a state court order permitting her to receive the treatment. *See id.* at 76–77. The Fourth Circuit explained in *Caudill* that "imposition of state law liability here would seriously damage not only the government's ability to enter into contracts with health insurers, but also would affect the price paid for such contracts." *Id.; see also Kight*, 34 F.Supp.2d at 341. Because of the impact on the government's ability to contract for its employees' health coverage, the Fourth Circuit concluded that plaintiff's claims pertained to a uniquely federal interest. *Caudill*, 999 F.2d at 78. The circumstances of this case are very similar to those in *Caudill*, and a uniquely federal interest is involved here as well.

In addition to implicating a uniquely federal interest, Rievley's claims demonstrate a conflict between this interest and state law. One of FEHBA's primary goals is to ensure that enrollees receive uniform rates and benefits from their plans, regardless of where they live. H. REP. 105–374, at 9 (1997); *see also Hayes*, 819 F.2d at 925 ("The policy underlying § 8902(m)(1) is to ensure uniformity in the administration of FEHBA benefits."). Applying state law contract and tort claims to disputes concerning FEHBA plans would subvert this policy. *Caudill*, 999 F.2d at 79; *Kight*, 34 F.Supp.2d at 341. Because of the variations among the states in common law, health plans which were supposed to provide consistent benefits across the country would be subject to fifty different sets of rules. *Id.* Rievley's state law claims collide with the federal policy interest in uniformity, and federal common law concerning FEHBA benefits replaces state law. *Id.* Federal jurisdiction exists over Rievley's claims and removal is proper.

### IV. Conclusion

Rievley's state law claims of breach contract, breach of fiduciary duty, and bad faith denial of a claim, are preempted by federal law under FEHBA. Because complete preemption exists for claims against FEHBA plans, removal of this case was proper. Rievley's motion to remand will be **DENIED**.

Because Rievley has until November 12, 1999, to respond to the defendants' motion for summary judgment, the Court will **RESERVE** ruling on the summary judgment motion.