Chris **RAMIREZ,** Luis **Ramirez,** Joshua **Ramirez,** Plaintiffs,

v.

**HUMANA, INC.,** Humana Medical Plan, Inc., Defendants.

No. 6:00CV1108–ORL–31B.

United States District Court, M.D. Florida, Orlando Division.

Oct. 27, 2000.

**1308**

Theodore J. Leopold, Scott C. Murray, Ricci, Hubbard, Leopold, Frankel & Farmer, P.A., West Palm Beach, FL, for Plaintiffs.

Edward Martin Waller, Jr., Russell S. Buhite, Elizzabeth Ann Boland, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

PRESNELL, District Judge.

This cause came on for consideration without oral argument on Plaintiffs' Motion For Remand (Doc. 12, filed September 21, 2000).

### Background

On July 12, 2000, the Plaintiffs filed their complaint in the Circuit Court in and for Orange County, Florida, asserting various state-law claims stemming from the Defendants' allegedly wrongful denial of benefits to Plaintiff Joshua Ramirez. Joshua Ramirez was covered under a Humana health plan provided to Plaintiff Luis Hernandez by his employer, the United States Postal Service. The remaining Plaintiff, Chris Ramirez, is Joshua's mother.

The Defendants timely removed the case to this court (Doc. 1). As grounds for the removal, the Defendants asserted that this court "has original jurisdiction under 28 U.S.C. § 1331 and the Federal Employees Health Benefits Act ("FEHBA") as amended, 5 U.S.C. § [8]901, *et seq.*, and in particular, 5 U.S.C. § 8902(m), because Plaintiffs' claims are completely preempted by FEHBA" (Doc. 1 at page 2).[1] On September 21, 2000, the Plaintiffs moved to remand the case to state court (Doc. 12), arguing that, at best, FEHBA gives rise to ordinary preemption rather than complete preemption, and thus fails to provide a basis for federal question jurisdiction. It is undisputed that no grounds for diversity jurisdiction exist in this case.

### LEGAL STANDARDS

■ It is axiomatic that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). They possess only that power authorized by the Constitution

1. In their original notice of removal, the Defendants also argued that the "uniquely federal interest" in the issue of federal employee health benefits provided a separate basis for "arising under" jurisdiction. The Defendants did not raise this point in response to the Plaintiffs' motion for remand, and this Court will not address it here.

and by statute. *Id.* (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–137,112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992), *and Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986)). These jurisdictional grants are not to be expanded by judicial decree. *Id.* at 377, 114 S.Ct. 1673, (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)). It is to be presumed that a cause lies outside this limited jurisdiction, *id.* at 377, 114 S.Ct. 1673 (citing *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799)), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936)). Removal statutes are narrowly construed; when the defendant and the plaintiff clash about jurisdiction, any uncertainties must be construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

 In considering whether they possess subject matter jurisdiction over a case or controversy, federal district courts are guided by the well-pleaded complaint rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Pursuant to that rule, a case may be removed based on federal question jurisdiction only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 854 (11th Cir.1999) (citing *Mottley*). Stated differently, only state-court actions that originally could have been filed in federal court may be removed to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318. The presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case. *Id.* at 393, 107 S.Ct.

2425. The well-pleaded complaint rule generally makes the plaintiff the master of the claim; in the vast majority of cases, he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.* at 392, 107 S.Ct. 2425.

 In the instant case, because the Plaintiffs asserted only state-law claims in their complaint, the well-pleaded complaint rule would normally require a remand by this Court due to a lack of subject matter jurisdiction. There exists, however, an independent corollary to the well-pleaded complaint rule, known as the "complete preemption" doctrine. Complete preemption occurs when the pre-emptive force of a statute is so "extraordinary" that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *BLAB T.V. of Mobile, Inc.*, 182 F.3d at 854 (citing *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425). Because they are recast as federal claims, state law claims that are held to be completely preempted give rise to federal question jurisdiction. *Id.* (citing *McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir.1998)).

 Although they share similar titles, the doctrines of ordinary preemption and complete preemption present distinctly different issues—a difference not merely of scope but of quality. Ordinary preemption is simply a defense to the application of state law. *See 14B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 3722.1 (3d ed.). Ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court. *BLAB T.V. of Mobile, Inc.*, 182 F.3d at 855. In contrast, complete preemption provides a basis for federal jurisdiction rather than simply a defense: "In complete preemption, a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal

law and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum." *14B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 3722.1 (3d ed.).

The Supreme Court has addressed complete preemption only rarely, and has found it to exist only in two areas[2]: certain claims under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and certain claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (LMRA) *and Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA). Outside of the context of the LMRA or ERISA, the Eleventh Circuit has addressed the topic directly only in *Blab T.V. of Mobile, Inc.*, which involved the Cable Communications Policy Act of 1984, 47 U.S.C. § 532. *See Blab T.V. of Mobile, Inc.*, 182 F.3d at 856. Neither the Supreme Court nor the Eleventh Circuit has adopted a specific test for use in determining whether claims outside the context of the LMRA or ERISA have been completely preempted by federal laws. *See Blab T.V. of Mobile, Inc.* 182 F.3d at 857 (solely considering congressional intent and declining to adopt a test for making future complete preemption determinations).

Prior to 1998, the majority of the case law addressing the issue held that the FEHBA did not completely preempt state law. *See, e.g., Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306 (3d Cir.1994); *Lambert v. Mail Handlers Benefit Plan*, 886 F.Supp. 830, 836 (M.D.Ala. 1995). *But see Hanson v. Blue Cross Blue Shield of Iowa*, 953 F.Supp. 270 (N.D.Iowa 1996). However, in 1998, Congress amended the FEHBA's preemption section, as more fully detailed below. Since

that amendment took effect, three federal district courts have found that the FEH-BA completely preempts state law claims: *Carter v. Blue Cross and Blue Shield of Fla., Inc.*, 61 F.Supp.2d 1237 (N.D.Fla. 1999); *Kight v. Kaiser Foundation Health Plan*, 34 F.Supp.2d 334 (E.D.Va.1999); and *Rievley v. Blue Cross & Blue Shield of Tennessee*, 69 F.Supp.2d 1028 (E.D.Tenn. 1999). Since 1998, the single district court that has reached the opposite conclusion did so without considering the effect of the 1998 amendment. *See Weathington v. United Behavioral Health*, 41 F.Supp.2d 1315 (M.D.Ala.1999).

Neither party has asserted that the pre–1998 language applies in this case, and this Court will decide the subject matter jurisdiction issue on the basis of the post–1998 language. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 274–275, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (stating that law in effect at the time of decision normally governs jurisdictional disputes because such laws speak to the power of the court rather than to the rights or obligations of the parties).

## ANALYSIS

As noted above, neither the Supreme Court nor the Eleventh Circuit Court of Appeals has adopted a specific test for determining whether a particular federal statute completely preempts state law. However, it is clear from both the Supreme Court's decision in *Metropolitan Life Insurance* and the Eleventh Circuit's decision in *BLAB T.V. of Mobile, Inc.*, that Congressional intent is the ultimate consideration in such inquiries. *See Metropolitan Life Insurance*, 481 U.S. at 67, 107 S.Ct. 1542 (stating that the lawsuit in that case was "necessarily federal in character by virtue of the clearly manifested intent of Congress"); and *BLAB T.V. of Mobile, Inc.*, 182 F.3d at 857 (stating that complete

**2.** As the Eleventh Circuit pointed out in *BLAB T.V. of Mobile, Inc.*, some dispute exists as to whether the Supreme Court's decision in *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73

(1974) turned on the doctrine of complete preemption. *See BLAB T.V.* at 855, note 2. This Court follows the Eleventh Circuit in excluding *Oneida* from consideration as to the complete preemption issue. *See id.*

preemption analysis focuses primarily upon "evaluating Congress's intent, which is the 'touchstone' of federal court removal jurisdiction") (quoting *Metropolitan Life Insurance*, 481 U.S. at 66, 107 S.Ct. 1542). This Court, then, must attempt to discern whether Congress intended to imbue the FEHBA with "that extraordinary preemptive power ... that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance*, 481 U.S. at 65, 107 S.Ct. 1542.

A review of the *Metropolitan Life Insurance* case reveals that the Supreme Court focused on three particular areas in assessing the ultimate issue of Congressional intent: (1) ordinary preemption; (2) civil enforcement; and (3) congressional direction. *See id.* at 62–67, 107 S.Ct. 1542. The *Metropolitan Life Insurance* court began by noting that § 502(a)(1)(B) of ERISA, codified at 29 U.S.C. § 1132(a)(1)(B), provided an exclusive federal cause of action for resolution of claims relating to an employee benefit plan. *Id.* at 63, 107 S.Ct. 1542 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). Thus, that court concluded, the preemption defense (or ordinary preemption) applied, and the plaintiff could not proceed under his common law contract and tort claims. *Id.* Next, the court examined ERISA's civil enforcement and jurisdictional provisions. Section 502(a)(1)(B), the civil enforcement provision (codified at 29 U.S.C. § 1132), provided that "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The court stated that the combination of ordinary preemption and this right to bring a civil action, standing alone, might give rise to complete preemption; however, the court stated it would be "reluctant" to reach such a conclusion in the absence of clear direction

from Congress. *Id.* at 64–65, 107 S.Ct. 1542.

The court found such clear direction in two areas: First, the court determined that the jurisdictional subsection of ERISA's civil enforcement provision— § 502(f) (codified at 29 U.S.C. § 1132(f))— "closely parallel" that of § 301 of the LMRA, *id.* at 65, 107 S.Ct. 1542, which the court had long held gave rise to complete preemption, *id.* at 64, 107 S.Ct. 1542. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (holding that complete preemption applies to LMRA claims).

Second, the court found the following language in the Congressional Conference Report on ERISA:

> [With respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947.]

*Id.* at 65–66, 107 S.Ct. 1542 (quoting H.R. Conf.Rep. No. 93–1280, p. 327 (1974)).

According to the *Metropolitan Life Insurance* court, "[n]o more specific reference to the *Avco* rule can be expected and the rest of the legislative history consistently sets out this clear intention to make § 502(a)(1)(B) suits brought by participants or beneficiaries federal questions for the purposes of federal court jurisdiction in like manner as § 301 of the LMRA." *Id.* at 66, 107 S.Ct. 1542.

Turning to the instant case, this Court's analysis begins with an examination of the preemptive effect of the FEHBA, codified at 5 U.S.C. § 8901 *et seq.* 5 U.S.C. § 8902(m)(1) currently provides that

> The terms of any contract under this chapter which relate to the nature, pro-

vision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

Prior to October 9, 1998, this same provision read as follows:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

 Clearly, the 1998 amendment's deletion of the inconsistency requirement expanded the preemptive effect of § 8902(m)(1)—which, even prior to the amendment, served as the basis for ordinary preemption. *See, e.g., Blue Cross & Blue Shield of Fla., Inc. v. Dep't of Banking and Finance*, 791 F.2d 1501, 1506 (11th Cir.1986) (holding that contract terms regarding disposition of unclaimed proceeds preempted inconsistent provisions of Florida's Unclaimed Property Act). Despite one notable difference with typical preemption cases— § 8902(m)(1) provides that contract terms, rather than the FEHBA[3] itself, will preempt state law—this Court concludes that ordinary preemption applies under the FEHBA.[4]

The civil enforcement and jurisdictional provisions of the FEHBA, however, provide a marked contrast to those of ERISA. Whereas ERISA, as noted above, provides that a beneficiary or participant may bring suit in any district court without respect to citizenship or amount in controversy, *see*

29 U.S.C. § 1132(a) and (f), 5 U.S.C. § 8912, titled "Jurisdiction of courts", merely provides that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." No mention is made of district court jurisdiction over cases in which the United States is not a defendant. *See id.* The comparable provision of the LMRA, 29 U.S.C. § 185, provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Finally, the manifestations of congressional intent in regard to the complete preemptive effect of FEHBA are, to put it mildly, less than clear. The defendants in the instant case, as well as those district courts that have examined the issue after 1998 and found complete preemption, point to the 1998 amendment of § 8902(m)(1), and the surrounding legislative pronouncements, as evidence of Congressional intent to completely preempt state law. As detailed in *Rievley v. Blue Cross & Blue Shield of Tenn.*, 69 F.Supp.2d 1028, 1034 (E.D.Tenn.1999), the House Report accompanying the bill that amended § 8902(m)(1) explained that the purpose of the amendment was

> to broaden the preemption of State and local laws with respect to health care contracts under the FEHB program. This amendment confirms the intent of

---

**3.** This distinction would seem to implicate the complete preemptive effect of FEHBA, as complete preemption pursuant to § 8902(m)(1) would require supplanting of state law by federal contract terms rather than a federal law. 28 U.S.C. § 1331 provides federal jurisdiction only in cases "arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331,

"[a] suit arises under the law that provides the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) (Holmes, J.).

**4.** The Court reaches no conclusion as to whether ordinary preemption applies to the claims brought in the instant case.

Congress (1) that FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) completely displace State or local law relating to health insurance or plans and (2) that this preemption authority applies to FEHB program plan contract terms which relate to the provision of benefits or coverage, including managed care programs.

H.R. REP. NO. 105–374, at 16 (1997).

The *Rievley* court concluded that the amendment and this language, along with similar comments in the accompanying Senate report and on the House floor, "demonstrated a clear intention that FEHBA completely preempt state law in the area of federal employee health insurance plans." *Rievley*, 69 F.Supp.2d at 1034. *Accord Kight*, 34 F.Supp.2d at 338–339; *Carter*, 61 F.Supp.2d at 1241. This Court reaches the opposite conclusion. Obviously, Congress intended to broaden the preemptive effect of § 8902(m)(1), but it appears that Congress was concerned with ordinary preemption rather than complete preemption. As noted above, the distinction between ordinary preemption and complete preemption is more than simply one of breadth; it is a distinction in quality. Even with the 1998 amendment and the accompanying reports, Congress has not manifested in the FEHBA an intent to cross this qualitative boundary. The jurisdictional and civil enforcement provisions of the FEHBA do not "closely parallel" those of ERISA or the LMRA; the legislative reports fail to mention either of those acts, or "arising under" jurisdiction, or even the phrase "complete preemption". While none of these failures, standing alone, would preclude a finding of complete preemption, their cumulative effect—and the absence of any other manifestations of intent—persuade this Court that Congress did not intend in the FEHBA to completely preempt state law.

If Congress desires to confer federal removal jurisdiction over FEHBA cases, it must clearly demonstrate its intent to do so. Constitutional principles and Supreme Court precedent require that this Court decline to infer such a jurisdictional grant.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion For Remand (Doc. 12, filed September 21, 2000) is **GRANTED.**